In re Thomas R. **MAYA** and Margaret A. **Maya**, h/w, Debtors.

Thomas P. **MAYA** and Margaret A. **Maya**, h/w, Plaintiffs,

v.

**PHILADELPHIA GAS WORKS, Philadelphia Facilities Management Corporation, Alfred P. Degen in his official capacity as Vice President of Philadelphia Facilities Management Corporation and Philadelphia Gas Works and A. Jack Egan in his capacity as Collection Manager of Philadelphia Facilities Management Corporation and Philadelphia Gas Works, Defendants.**

Bankruptcy No. 80–00011G.
Adv. No. 80–0215G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 16, 1981.

Henry J. Sommer, Eric L. Frank, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs, Thomas P. Maya and Margaret A. Maya.

James W. Christie, James M. Penny, Jr., Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendants, Philadelphia Gas Works, Philadelphia Facilities Management Corp., Alfred P. Degen and A. Jack Egan.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the debtors have stated a cause of action under 42 U.S.C. § 1983 in the sixth claim of their complaint wherein they allege that the defendants have, under the color of law, violated the debtors' rights under the Bankruptcy Code. We conclude that the debtors' claim does state a cause of action and further, that we have jurisdiction to decide that claim.

The facts of the instant case are as follows:[1] On December 21, 1979, Thomas R. Maya and Margaret A. Maya ("the debtors") applied for and were found eligible for benefits under the Emergency Crisis Assistance Program ("ECAP"). ECAP is a federal assistance program funded under section 222(a)(5) of the Economic Opportunity Act,

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure. The defendants having moved to dismiss the plaintiffs' complaint, the facts stated herein are those alleged in that complaint and have been taken as true for the purpose of the motion to dismiss.

42 U.S.C. § 2809(a)(5) (Supp.). The purpose of that program is to make funds available for the energy-related crises affecting low-income households as a result of the high cost of energy. ECAP provides grants to eligible persons under which payments are made directly or indirectly to vendors and suppliers of fuel and energy-related goods and services on behalf of the eligible persons.

On January 3, 1980, the debtors filed a petition for relief under the Bankruptcy Code. In their schedules the debtors listed a debt in the amount of $162.48 which they owed for gas service provided by the defendants[2] prior to the filing of the bankruptcy petition. The debtors also listed, as property which they were entitled to claim as exempt under section 522 of the Code, any payment which they were entitled to receive under ECAP. On March 3, 1980, after the filing of the petition for relief, the defendants received a payment of $300 under the ECAP program for the benefit of the debtors. The defendants applied part of that $300 to satisfy the debt incurred by the debtors prior to the filing of their petition in bankruptcy.

On May 6, 1980, the debtors filed a complaint in this court against the defendants alleging that their actions in applying the ECAP payment to satisfy the prepetition debt violated various sections of the Bankruptcy Code as well as the Economic Opportunity Act and ECAP regulations. The complaint also alleged, in its sixth claim, that the defendants had violated 42 U.S.C. § 1983 by acting, under color of law, to deprive the debtors of their rights under federal law. The defendants filed a motion to dismiss the sixth claim of the complaint for failure to state a claim and for lack of jurisdiction. It is that motion to dismiss which is now before us.

A. Failure to State a Claim.

Section 1983 of title 42 provides:

Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (Supp.). The United States Supreme Court has recently held that the plain language of that section unmistakably indicates that it was meant to apply to the deprivation of a right secured by *any federal statute. Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). In *Thiboutot*, The Supreme Court stated

The question before us is whether the phrase "and laws," as used in § 1983, means what it says, or whether it should be limited to some subset of laws. Given that Congress attached no modifiers to the phrase, the plain language of the statute undoubtedly embraces respondents' claim that petitioners violated the Social Security Act.

Even were the language ambiguous, however, any doubt as to its meaning has been resolved by our several cases suggesting, explicitly or implicitly, that the § 1983 remedy broadly encompasses violations of federal statutory as well as constitutional law.

*Id.* 100 S.Ct. at 2504.

■ We therefore conclude that, given the broad interpretation of § 1983 by the Supreme Court in *Thiboutot*, the debtors have stated a cause of action under § 1983 by alleging that the defendants acted, under color of law, to violate their rights under the Bankruptcy Code and the Economic Opportunity Act. The Bankruptcy

---

**2.** The defendants herein are the Philadelphia Gas Works, the Philadelphia Facilities Management Corporation (which manages the Philadelphia Gas Works), Alfred P. Degen (in his capacity as vice president of PFMC), and A.

Jack Egan (in his capacity as collection manager of PFMC). The Philadelphia Gas Commission was originally named as a defendant but the complaint was dismissed as to it by the consent of the parties.

Code and the Economic Opportunity Act are both federal statutes and the Supreme Court held in *Thiboutot* that the deprivation of any right guaranteed by a federal statute could give rise to a § 1983 action.[3]

The defendants argue, however, that § 1983 does not apply to a federal law which has a separate, comprehensive, statutory procedural scheme because to apply it to such a law would interfere with and detract from the effectiveness of the procedure established by that statute. In support of that argument, the defendants cite *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). In *Novotny*, the Supreme Court held that § 1985(c) of title 42[4] (a section related to § 1983) could not be invoked to redress violations of Title VII of the Civil Rights Act of 1964 ("Title VII") because Title VII provides "a detailed administrative and judicial process designed to provide an opportunity for nonjudicial and nonadversary resolution of claims". 442 U.S. at 372–73, 99 S.Ct. at 2349. The Supreme Court thus concluded

> If a violation of Title VII could be asserted through § 1985(c), a complainant could avoid most if not all of these detailed and specific provisions of the

law. . . . Perhaps most importantly, the complainant could completely bypass the administrative process, which plays such a crucial role in the scheme established by Congress in Title VII.

*Id.* at 375–76, 99 S.Ct. at 2351.

■ We do not agree with the defendants' contention that *Novotny* controls the case *sub judice*. *Novotny* dealt with § 1985 whereas our case involves § 1983. Although the two sections are closely related (having both been part of the Civil Rights Act of 1871), their language and scope are clearly different. This is illustrated by the different treatment accorded the two sections by the Supreme Court in *Novotny* and *Thiboutot*. The defendants' argument that the reasoning in *Novotny* applies to § 1983 as well as § 1985 might have more force were it not that the Supreme Court decided *Thiboutot* after it had decided *Novotny*. In *Thiboutot* the Supreme Court held that § 1983 applies to *all* federal laws. Had the Supreme Court meant to restrict § 1983 as it did § 1985 in *Novotny*, the court would have so stated. Therefore, we conclude that § 1983 may be used to redress the deprivation of a right guaranteed by any federal statute, including the Bankruptcy Code and Economic Opportunity Act.

---

**3.** We find further support for our conclusion with respect to the availability of § 1983 for a violation of the Economic Opportunity Act in the Appendix to the Supreme Court's decision in *Thiboutot*. The Appendix lists a "small sample of statutes that arguably could give rise to § 1983 actions after" the court's decision in *Thiboutot*. One category of statutes which the court lists is "(c) grant programs in which federal agencies either subsidize state and local activities or provide matching funds for state or local welfare plans that meet federal standards." 100 S.Ct. at 2520. We conclude that the Economic Opportunity Act and ECAP program would clearly fit within that category.

**4.** Section 1985(c) provides:

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, *any act in furtherance of the object of such conspiracy*, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Furthermore, even if the decision in *Novotny* were applicable to § 1983, we would still conclude that that section is available to redress the deprivation of a right provided by the Bankruptcy Code. Although that Code does set up a comprehensive and elaborate procedure for its administration, the administration of the Code is delegated to the bankruptcy courts. Under the Bankruptcy Code the bankruptcy courts have pervasive jurisdiction to hear all claims related to the bankruptcy case.[5] Consequently, the institution of a § 1983 suit in the bankruptcy court will not interfere with or detract from the effectiveness of the administration of the Bankruptcy Code. In fact, one of the reasons for expanding the jurisdiction of the bankruptcy court under the Code was to ensure that all the claims which a debtor and his creditors have against each other are heard in one forum, —the bankruptcy court. Thus, the concern expressed by the Supreme Court in *Novotny*—that a § 1985 claim would interfere with and disrupt the administration of Title VII—is not applicable in cases arising under the Bankruptcy Code.

For all of the above reasons, we conclude that § 1983 provides a remedy for the deprivation, under color of law, of a right guaranteed by the Bankruptcy Code and the Economic Opportunity Act. Consequently, we hold that the debtors herein have stated a cause of action under § 1983 of Title 42 in the sixth claim of their complaint.

The defendants make one final argument in support of their contention that the debtors have failed to state a cause of action. They contend that the debtors' sixth claim is identical to their other claims which are based on the Bankruptcy Code. The defendants urge that, since the claims are identical, the debtors can recover nothing additional under their sixth claim. The defendants further assert that the only reason that the debtors have included a claim under § 1983 is so that their attorneys may get an award of attorneys' fees.[6]

■ We conclude that the fact that the debtors' claim under § 1983 is identical to their claim under the Bankruptcy Code does *not* invalidate either of those claims. In fact, because of the nature of § 1983, a complainant will often have two claims based on the same set of facts,—one claim that there was a violation of a federal statute, and the other claim, under § 1983, that there was a violation of that federal statute under color of law. Both claims may be valid.

■ Moreover, the fact that the only additional remedy which the debtors may receive under § 1983 is an award of attorneys' fees does not invalidate that claim.[7] Consequently, we conclude that the defendants' motion to dismiss the debtors' sixth claim for failure to state a claim must be denied.

B. Lack of Jurisdiction.

■ The defendants also have moved to dismiss the debtors' sixth claim on the ground that we lacked jurisdiction over that claim. We disagree. The Bankruptcy Reform Act of 1978 greatly expanded the jurisdiction of the bankruptcy courts by providing that they shall have "jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."[8] We therefore conclude that that jurisdictional grant is unambiguously broad enough to include the claim under § 1983 made by the debtors herein. The debtors'

---

5. *See* Part B, *infra*, of this opinion.

6. Section 1988 of Title 42 provides that the court may, in its discretion allow the prevailing party a reasonable attorney's fee. 42 U.S.C. § 1988 (Supp.). The fact that the attorneys herein work for Community Legal Services does not prevent the court from awarding attorney's fees. *See, e. g., Henry v. Heyison,* 4 B.R. 437 (E.D.Pa.1980).

7. A successful plaintiff in a § 1983 action generally is awarded attorneys fees unless there are special circumstances. *See, e. g., Staten v. Housing Authority,* 638 F.2d 599 (3d Cir. 1980), and cases cited therein.

8. The Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 241(a), 92 Stat. 2668, *amending* 28 U.S.C. § 1471(b). That provision is effective during the transition period. The Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 405(b), 92 Stat. 2685 (1978).

claim under § 1983 clearly arises in and is related to their proceeding in bankruptcy. That claim is based, in part, on an alleged violation of the Bankruptcy Code and would not have arisen, but for the filing by the debtors of their petition for relief.

Even if we were to find that the general jurisdictional grant of the Bankruptcy Reform Act, as stated above, is not broad enough to cover the instant claim, we would resolve that we have jurisdiction under another section of The Bankruptcy Reform Act of 1978 which provides that the bankruptcy court shall have jurisdiction over property of the debtor wherever located.[9] Section 541 of the Bankruptcy Code defines property broadly to include any kind of property, including the debtor's interest in a cause of action. 11 U.S.C. § 541(a). See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787; S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–83 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Under that broad definition of property, the debtors' claimed interest to the $300 ECAP payment or to the gas which could be provided for that amount is clearly property. Consequently, we conclude that we have jurisdiction over all of the debtors' claims with respect to that property.

9. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 241(a), 92 Stat. 2668, *amending,* 28 U.S.C. § 1471(e). That provision is effective during the transition period. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 405(b), 92 Stat. 2685 (1978).