**In re James E. MALEY, Debtor.**

**Bankruptcy No. 80–21383.**

United States Bankruptcy Court,
W. D. New York.

March 17, 1981.

David MacKnight, Rochester, N. Y., for debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtor has made an application to enforce the provisions of 11 U.S.C. § 525 by compelling the State Liquor Authority to issue a liquor license to the debtor for the operation of a delicatessen. At the hearing on the matter, the debtor appeared by counsel and made extensive arguments as to why the State Liquor Authority should be compelled to issue a license to the debtor. Their argument consisted primarily of a showing that the major reason for refusing the debtor a liquor license was that he had filed bankruptcy in 1961 and is currently under Chapter 11. The other reasons advanced by the State Liquor Authority for refusing to issue the license appear to be de minimis. For example, they say the applicant failed to disclose certain convictions. However, the applicant did submit to the authority a report from the police department listing all his convictions for the past seven years. The police department does not issue a report going back further than

the seven years. The only items not included in the police report were several traffic violations and one driving while impaired which occurred some nine to thirty-four years prior to debtor's license application.

Counsel for the State Liquor Authority moved to dismiss the application on the grounds that the Bankruptcy Court lacks jurisdiction to decide the matter. The cases cited by the Authority in support of its position were decided prior to the new Code which enacted 11 U.S.C. § 525.

11 U.S.C. § 525 provides in part as follows:

> . . ., a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

This section codifies *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) which held that a State could not frustrate the congressional policy of a fresh start for a debtor by refusing to renew a driver's license because a tort judgment resulting from an automobile accident had been discharged in bankruptcy and hence unpaid. Many cases have followed and expanded upon *Perez*, for instance, in *Grimes v. Hoschler*, 12 Cal.3d 305, 115 Cal.Rptr. 625, 525 P.2d 65 (1974) the Supreme Court of California held that the revocation of a

834

building contractor's license by a State licensing board was invalid in light of *Perez*; in *Handsome v. Rutgers University*, 445 F.Supp. 1362 (D.N.S.1978) the Court struck down the State University's practice of withholding student transcripts based on *Perez*; in *Rutledge v. City of Shreveport*, 387 F.Supp. 1277 (W.D.La.1975) the Court held that a police officer couldn't be fired for violating the rule of the Shreveport Police Department that prohibited him from filing a petition in bankruptcy; and in *Henry v. Heyison*, 4 B.R. 437 (E.D.Pa.1980) the District Court held that provisions of the Pennsylvania Financial Responsibility Law conflicted unconstitutionally with the fresh start provision of the Bankruptcy Code set forth in 11 U.S.C. § 525.

Because of the foregoing and 28 U.S.C. § 1481 it appears that the Bankruptcy Court does have power to consider a request by a debtor concerning the denial of a license by a State based upon discrimination against the debtor because he is in Chapter 11 or has formerly been through bankruptcy.

Here the State rested on its argument that the Bankruptcy Court lacked jurisdiction and did not contest any of the arguments of the debtor that the denial of the license application by the debtor in December of 1980 was based on discriminating against the debtor because he was in a Chapter 11 and because he had formerly gone through bankruptcy. Therefore, this Court has no option but to grant the Motion of the debtor and order the State Liquor Authority to issue the liquor license and it is so ordered.