In The Matter of Gwendolyn Elaine GIBBS, Debtor.

Gwendolyn Elaine GIBBS, Plaintiff,

v.

HOUSING AUTHORITY OF NEW HAVEN, Defendant.

Bankruptcy No. 5–80–00330.
Adv. No. 2–80–0316.

United States Bankruptcy Court, D. Connecticut.

June 29, 1981.

738

Joanne S. Faulkner, and Francis X. Dineen, New Haven, Conn., for plaintiff.

Sandra S. Sosnoff, and Frank B. Cochran, New Haven, Conn., for defendant.

## SUPPLEMENTAL MEMORANDUM AND DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

On March 5, 1981, 9 B.R. 758, this court signed a memorandum and order in this adversary proceeding wherein it permanently enjoined the defendant, Housing Authority of New Haven (Authority) from seeking to enforce a state court execution obtained in connection with a judgment of possession against the plaintiff-debtor, Gwendolyn Elaine Gibbs. The court noted in its memorandum that with respect to her original complaint Gibbs was not pressing a count of the complaint which alleged a civil rights claim under 42 U.S.C. § 1983. Gibbs has filed a Motion to Alter Judgment alleging that the § 1983 claim had not expressly or impliedly been withdrawn and requesting that the court alter its judgment to grant judgment and damages pursuant to 42 U.S.C. § 1983 as originally pleaded.

The Authority has also filed a Motion to Amend Findings and Alter Judgment

wherein it requested amendment and alteration as follows:

1. By amending the finding appearing near the bottom of page 2 in which the Court finds: "The Authority . . . refused to accept [Gibbs'] tender of monthly use and occupancy payments". . . .

2. By amending footnote 5 (p. 6), by finding that the repayment agreement was, on the date the petition was filed, an executory contract, which was, pursuant to § 365, repudiated by the trustee.

3. By adding a finding that the Authority contended, both in the State Court and the Bankruptcy Court that execution of a summary process judgment would be an act outside the scope of the automatic stay, pursuant to § 362(b)(3) of the Act.

4. By deleting the holding to the effect that the Authority was in violation of § 525.

5. By ordering the debtor and her attorneys to pay as use and occupancy, all amounts here [sic] counsel holds covering the period from June 1, 1980 through the present.

Gibbs' attorneys further filed an Application for Attorney's Fees in the amount of $9,475.38 and $16.00 costs to be paid by the Authority to New Haven Legal Assistance Association, Inc., pursuant to the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988. The Authority then filed a Motion to Strike Application for Counsel Fees, and on April 21, 1981, all motions and applications came on for hearing before the court. At that hearing the parties stipulated (1) that Gibbs had not abandoned her § 1983 claim, which claim should be ruled upon by the court; (2) that the Authority did not refuse "use and occupancy payments" but did refuse to accept payments tendered as "rent"; and (3) that Gibbs'

attorney will turn over payments to the Authority as use and occupancy payments. Thereafter, both sides filed briefs presenting their views on the remaining portions of the motions and application for attorney's fees. The court accepts the stipulation, and what follows shall constitute additional findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure.

### THE 42 U.S.C. § 1983 CLAIM

Gibbs bases her claim under 42 U.S.C. § 1983 upon her contention that when the Authority obtained an execution upon a state court judgment for the purpose of gaining possession of the premises owned by the Authority and occupied by Gibbs, it violated 11 U.S.C. § 362 and § 525. In my original memorandum, I held that the Authority *had* violated both § 362 and § 525, and Gibbs argues that in view of this holding, "it follows that § 1983 has also been violated".[1] Gibbs relies upon the holding *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), for the proposition that the violation of § 362 and § 525 of the Bankruptcy Code constitutes a violation of 42 U.S.C. § 1983. In *Thiboutot*, the Supreme Court held that the State of Maine, by violating a section of the Federal Social Security Act, 42 U.S.C. § 602(a)(7), had thereby also violated § 1983. Thus, Gibbs claims that § 1983 creates a cause of action whenever any federal statutory right is violated under color of state law.

The Authority avers first that a bankruptcy court does not have jurisdiction to hear a civil rights claim under § 1983. It claims that a bankruptcy court is not a "district court" within the meaning of 28 U.S.C. § 1343(4);[2] and that 28 U.S.C. § 1471

---

1. *42 U.S.C. § 1983. Civil Action for Deprivation of Rights.*

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. *28 U.S.C. § 1343(4).*

   The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . .

   (4) To recover damages or to secure equitable or other relief under any act of Congress

is an insufficient grant of jurisdiction to empower this court to hear § 1983 actions.[3] I have had prior occasion to hold that this court has jurisdiction to resolve § 1983 civil rights actions, *Matter of Pickus*, 8 B.R. 114, 119–20 (Bkrtcy. D. Conn. 1980), although the issue was not briefed by the parties in that action. I reaffirm that holding. The language of § 1471(b) investing the district courts with original but not exclusive jurisdiction "of all civil proceedings arising under title 11 or arising in or related to cases under title 11", and the language of § 1471(c) delegating that jurisdiction to this court is broad enough to encompass this civil rights complaint. The § 1983 claim depends upon a violation of rights established by § 362 and § 525 of the Bankruptcy Code. 1 *Collier on Bankruptcy* (15th Ed.) ¶ 3.01 at 3–48 and 49, discussing the extent to which the bankruptcy court's jurisdiction has been expanded by § 1471(b) and (c) comments:

> Does the debtor have a cause of action sounding in usury? Has he been injured as a result of the negligent conduct of another? Was he brought to his insolvent state as a result of the violation of the securities or antitrust laws? Whatever the action or theory, it can be heard by the bankruptcy court. No limitation whatever exists upon the power of the bankruptcy court to hear actions such as these . . . .
>
> Examples of the reach of the jurisdiction of the new bankruptcy court could be multiplied *ad infinitum*. Conceptually, there is no limit to the reach of this jurisdiction, insofar as the matter involved "arises in or [is] related to" the title 11 case. Situations will undoubtedly arise in which the controversy is so tangential to the title 11 case that a court will hold that the case neither arises in nor is related to the title 11 case. In such cases, the bankruptcy court may decide that the exiguous nature of the relationship between the proceeding and the bankruptcy case is such as to fall without the court's jurisdiction. The criterion to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have any effect upon the estate being administered.

In this proceeding, violations of § 362 and § 525 called in question Gibbs' right of occupancy and would have imposed the discriminatory sanction of eviction upon her for failure to pay a discharged debt. Such acts, if unremedied, would have affected Gibbs and her estate by terminating her interest in property without the required hearing before the bankruptcy court for a relief from stay. *Matter of Pickus, supra,* 120. The actions of the Authority complained of are so clearly interrelated with the rights Gibbs is accorded under the Bankruptcy Code as to make her § 1983 action one "related to" this title 11 case and subject to the jurisdiction of this court.[4]

The Authority next alleges that *Maine v. Thiboutot, supra,* did not concern a bankruptcy statute, and it should not be construed to include violation of Title 11. But the language of the *Thiboutot* decision is broad and uncompromising.

> The question before us is whether the phrase "and laws", as used in § 1983, means what it says, or whether it should be limited to some subset of laws. Given that Congress attached no modifiers to the phrase, the plain language of the

providing for the protection of civil rights, including the right to vote.

**3.** *28 U.S.C. § 1471. Jurisdiction.*
(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts. . . . .

**4.** *Accord, In re Maya,* 7 B.C.D. 324, 8 B.R. 202 (Bkrtcy. E.D. Pa. 1981). *Cf. In re Colgrove,* 9 B.R. 337 (Bkrtcy. N.D. Cal. 1981); *In re Unit Parts Co.,* 9 B.R. 386 (W.D. Okla. 1981).

statute undoubtedly embraces respondents' claim that petitioners violated the Social Security Act.

Even were the language ambiguous, however, any doubt as to its meaning has been resolved by our several cases suggesting, explicitly or implicitly, that the § 1983 remedy broadly encompasses violations of federal statutory as well as constitutional law. [Citing cases]. *Id.* 448 U.S. at 4, 100 S.Ct. at 2504, 65 L.Ed.2d at 559.

Thus, violation of any federal statute under color of state law may give rise to a § 1983 action, *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653, 661 (1980). The Bankruptcy Code is a federal statute, and the Authority's violation thereof subjects it to § 1983 sanctions. *In re Maya, supra.*

### THE 11 U.S.C. § 362(b)(3) CLAIM

■ The Authority asks that the court include a finding that the Authority has claimed that § 362(b)(3) excepts its attempt to evict Gibbs from the automatic stay because said attempt was an act to perfect an interest in property. The court finds that the Authority made such a claim, but rules that said section has no application to this proceeding.

### RECONSIDERATION OF THE 11 U.S.C. § 525 CLAIM

The Authority asks that the court alter its judgment by deleting its holding that the Authority was in violation of 11 U.S.C. § 525. This issue was discussed at length in the court's earlier memorandum, and nothing argued subsequently persuades me that my original holding was in error. I thus deny the Authority's request for this alteration of my original holding.

**5.** 42 U.S.C. § 1988 in pertinent part provides that:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or in any civil action or proceeding, by or on behalf of the United States of America, to en-

### RECONSIDERATION OF THE 11 U.S.C. § 365 CLAIM

■ The Authority asks the court to determine whether or not the repayment agreement was an executory contract which was repudiated. The court noted this claim in its original memorandum but concluded that "[w]hatever merit there may be to this argument, it could only form the basis of a request to the bankruptcy court for relief from stay, which the Authority did not make". Even assuming the Authority is correct, it does not affect the result. The rejection of the repayment agreement would not have enabled the Authority to violate the automatic stay provisions. I therefore see no need to enter into the considerable debate as to what constitutes an executory contract. *See In re Jolly*, 574 F.2d 349 (6th Cir. 1978).

### RIGHT TO COUNSEL FEES

■ The Authority having been found in violation of 11 U.S.C. § 362(d) and 11 U.S.C. § 525, and thereby in violation of 42 U.S.C. § 1983, the court reaffirms its order enjoining the Authority from enforcing the Connecticut state court execution issued on January 18, 1980 in Case No. CV6–8001–76447. The court does not make any award for monetary damages under § 1983 as no adequate basis for such an award has been furnished by Gibbs. However, as a prevailing party under § 1983, Gibbs is entitled to a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988.[5] *Maine v. Thiboutot, supra; Maher v. Gagne, supra; In re Maya, supra.* Indeed, a major holding of *Thiboutot* was that there was "no question that Congress passed the Fees Act anticipating that it would apply to statutory § 1983 claims". *Id.* 448 U.S. at 10, 100 S.Ct. at 2507, 65 L.Ed.2d at 563.

force, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Gibbs' attorneys have filed application for fees in the amount of $9,475.38, and costs in the amount of $16.00 to be paid to the New Haven Legal Assistance Association, Inc. Applicants ask that an augmented rate be allowed due to the novel questions of law presented, the benefit to other debtors simi- larly situated, and in recognition of coun- sel's extensive experience. The requested amount of $9,475.38 represents a "lodestar" amount of $7,288.75 augmented by a multi- plier of 1.3. Applicants have offered affi- davits in support of their fee requests as follows:

| | | |
|---|---|---|
| Francis X. Dineen, Esq. | 23.5 Hours at $125 per Hour | $2,937.50 |
| Joanne S. Faulkner, Esq. | 36.0 Hours at $100 per Hour | $3,600.00 |
| Thomas L. Rhorer, Paralegal | 12.25 Hours at $45 per Hour | $ 551.25 |
| Total | 71.75 Hours | $7,088.75 [6] |

The applicants note that any award of fees "will be used solely to support the provision of legal services to indigent residents of New Haven County and will not in any way benefit or enrich [the applicants] personal- ly." The Authority opposes Gibbs' applica- tion for attorney's fees primarily on the following grounds: (1) that Title 11 autho- rizes such awards "only under narrowly specified situations" not including violations of § 362 and § 525; (2) that this court lacks jurisdiction to decide Gibbs § 1983 action and thus to award attorney's fees pursuant to 42 U.S.C. § 1988, and (3) that the request for fees is excessive and not broken down as to time spent pursuing claims on which the Authority prevailed. Gibbs does not claim that Title 11 entitles her to the attorney's fees she seeks, but rather bases her claim therefor upon § 1988. In view of my hold- ing that this court has jurisdiction to decide Gibbs § 1983 action, it follows that the court also has jurisdiction to award counsel fees under § 1988, pursuant to the holdings in *Maine v. Thiboutot* and *Maher v. Gagne, supra*, "that fees are available in any § 1983 action", *Thiboutot*, 448 U.S. at 9, 100 S.Ct. at 2506, 65 L.Ed.2d at 562; and "that § 1988 applies to all types of § 1983 actions", *Mah- er*, 448 U.S. at 128, 100 S.Ct. at 2574, 65 L.Ed.2d at 661. Publicly financed legal ser- vice organizations are entitled to such fees. *Torres v. Sachs*, 538 F.2d 10, 13 (2d Cir. 1976); *followed, New York Gaslight Club v. Carey*, 447 U.S. 54, 70–71, n.9, 100 S.Ct.

2024, 2034, n.9, 64 L.Ed.2d 723, 738, n.9 (1980).

The court has had recent occasion to de- termine reasonable attorney's fees in com- plex matters in the bankruptcy court. *In the Matter of Cott Corporation*, 7 CLT No. 24 at 7. In *Cott*, I held that a reasonable blended or average "lodestar" rate in this district was $80 per hour, pursuant to the standards adopted for the Second Circuit in *City of Detroit v. Grinnell Corporation*, 495 F.2d 448 (1974) (*Grinnell* I), and 560 F.2d 1093 (1977) (*Grinnell* II). Because the ap- plicants in *Cott* sought interim fees, the court did not there reach factors which might permit the augmentation of the lode- star amount. Applicants herein request a lodestar amount of $7,088.75 for 71.75 hours of service. Of these 71.75 hours, 59.5 hours were spent by attorneys, and 12.25 hours by a paraprofessional. I believe that the $80.00 lodestar rate applied in *Cott* repre- sents a reasonable rate for Attorneys Di- neen and Faulkner, and I adopt such a rate for the instant application. The parapro- fessional applicant in this proceeding is, by his affidavit, considerably more experienced than the "summer law clerks" in *Cott*, for whom I set $20.00 per hour as a reasonable fee. I will apply a rate of $30.00 an hour to paraprofessional hours herein. The hours itemized in the attorneys' affidavits appear to be reasonable and nonduplicative. I find that the 59.5 hours of attorney time claimed

---

**6.** The court notes that this total is $200.00 less than the $7,288.75 requested by the applicants.

are compensable, even though they include some hours spent in the Superior Court of Connecticut.[7] Multiplying these hours times the lodestar rate of $80.00 yields $4,760.00. Paraprofessional time of 12.25 hours, at $30.00 per hour, totals $367.50. The applicants also seek reimbursement of $16.00 for costs of transcript, and that amount is approved. Thus, the amount allowable with respect to the instant application totals $5,143.50, and that sum is approved. The court believes this amount adequately compensates the plaintiff's attorneys and no multiplier is indicated. See *Beazer v. New York City Transit Authority,* 558 F.2d 97, 100 (1977).

---

7. The argument that these hours should be broken down into time expended on the various issues is rejected under the circumstances of this proceeding where all the issues were gen-erally interrelated. The awarding of fees for time spent in related proceedings lies in the discretion of the court. *Brown v. Bathke,* 588 F.2d 634, 638 (8th Cir. 1978).