**In re Reginald RICHARDSON, Debtor.**

**Reginald RICHARDSON, Plaintiff,**

**v.**

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Kenneth R. Reeher, Jay Evans, Defendants.**

**Bankruptcy No. 79–371G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 9, 1981.

---

13.  See note 12, *supra.*

Eric L. Frank, Community Legal Services, Inc., Philadelphia, Pa., for bankrupt, Reginald Richardson.

Jane G. Penny, Killian & Gephart, Harrisburg, Pa., for defendants, Pennsylvania Higher Ed. Assistance Agency, Kenneth R. Reeher and Jay Evans.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue presented is whether the plaintiff, a former bankrupt, is entitled to an injunction and declaratory relief against the Pennsylvania Higher Education Assistance Agency ("PHEAA") and certain officials of PHEAA for the anticipated denial of a guaranteed student loan application filed by the plaintiff. We conclude that the plaintiff is entitled to the requested relief because the defendants have admitted that they will discriminate against the plaintiff in a manner prohibited by § 525 of the Bankruptcy Code ("the Code").

The facts of the instant case are as follows:[1] Reginald Richardson ("the plaintiff") attended undergraduate school at the University of Pennsylvania between 1972 and 1976. During that time the plaintiff applied for and received student loans guaranteed by PHEAA totaling $5,800.00. After leaving school prior to graduation, the plaintiff failed to contact the lending institution and establish a repayment schedule or to repay any of his student loans as required by his loan agreements. As a result, PHEAA was obliged to purchase the plaintiff's loans from the lending institution.

Thereafter, on March 12, 1979, the plaintiff filed a voluntary petition in bankruptcy under the Bankruptcy Act ("the Act").[2] On June 29, 1979, the plaintiff obtained a discharge from all of his dischargeable debts including the debt owed to PHEAA for his student loans.[3]

In the spring of 1980, the plaintiff returned to the University of Pennsylvania to

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The Bankruptcy Act was superseded by the Bankruptcy Code effective October 1, 1979. The Bankruptcy Reform Act of 1978, Pub.L.No. 95-598, § 402, 92 Stat. 2682 (1978).

3. The Bankruptcy Reform Act of 1978, § 317, which became effective on November 6, 1978, repealed § 439A of the Higher Education Act of 1965 which had provided that guaranteed stu-

dent loans are nondischargeable in bankruptcy. While § 523(a)(8) of the Bankruptcy Code also provides that such loans are nondischargeable, that section did not become effective until October 1, 1979. Thus, in the period from November 6, 1978, until August 14, 1979, when Congress passed a bill to correct the situation, guaranteed student loans were dischargeable. *See, e. g., In re Johnson*, 5 B.C.D. 532 (E.D.Pa. 1979). *See generally*, 3 Collier on Bankruptcy ¶ 523.18 (15th ed. 1981).

complete his undergraduate degree. At that time he applied for a PHEAA-guaranteed grant which application was denied by PHEAA because of the fact that the plaintiff had defaulted on his prior PHEAA-guaranteed student loans. At the same time, the plaintiff applied for a PHEAA-guaranteed loan which application was not processed by the University of Pennsylvania. Because the plaintiff was able to obtain other loans and grants through the school, he failed to appeal PHEAA's denial of his grant application or to take any other steps to obtain relief from that decision.

In May of 1981, the plaintiff graduated from the University of Pennsylvania. The plaintiff had applied to several law schools and had decided in May to attend Temple Law School. On June 21, 1981, the plaintiff filed an application for a PHEAA-guaranteed student loan through Girard Bank. That application was initially denied by Girard Bank but, after discussions with the plaintiff's lawyer, the Bank approved the application and sent it on to PHEAA for approval.

On June 22, 1981, the plaintiff filed a complaint in this court seeking declaratory and injunctive relief against PHEAA[4] to prevent it from denying his guaranteed loan application. On August 10, 1981, PHEAA filed a motion to dismiss that complaint. Thereafter, the plaintiff was admitted to the University of Virginia Law School and filed a new guaranteed loan application which was processed through the Bank and is presently pending before PHEAA. A hearing was held on the complaint and motion to dismiss on August 20, 1981, at which time the plaintiff also filed a motion for a temporary restraining order and/or for a preliminary injunction to require PHEAA to process his loan application immediately and to enjoin PHEAA from denying that application for discriminatory reasons. Evidence and oral argument were heard at that time on the issues presented by the complaint and the various motions and we reserved our decision thereon. Because we conclude that the plaintiff is entitled to a permanent injunction as requested in his complaint and we will so order, we find it unnecessary to address the plaintiff's motion for preliminary relief.[5]

◼ Initially, however, we find it necessary to address several arguments raised by the defendant, PHEAA, in its motion to dismiss and at the hearing. The first issue raised by PHEAA was whether we have jurisdiction to restrain a state agency from enforcing its regulations. We find that argument to be without merit. Section 525, on which this case is premised, provides in clear language that a governmental unit may not discriminate against a debtor or bankrupt and codifies the decision of the Supreme Court in *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) which held that a state could not frustrate the Congressional policy of a fresh start for a bankrupt by refusing to renew a driver's license based on a discharged judgment resulting from an automobile accident. Furthermore, 28 U.S.C. § 1471 gives the Bankruptcy Court broad jurisdiction over any case under or related to a case under title 11 and clearly extends to an action brought under § 525. In addition, 28 U.S.C. § 1481 gives the Bankruptcy Court broad powers as a court of law, equity and admiralty. *Accord, In re Maley*, 9 B.R. 832 (Bkrtcy.W.D.N.Y.1981).

◼ Furthermore, even if we were to conclude that we did not have jurisdiction over PHEAA, we conclude that we do have

---

**4.** At the hearing held on August 20, 1981, we permitted the plaintiff to amend his complaint to add as defendants certain PHEAA officials and to include a claim against them under 42 U.S.C. § 1983, which prohibits anyone from denying a person a right guaranteed to that person under the Constitution or any federal law under color of state law. We have previously held that that section applies to the deprivation of rights guaranteed by the Bankruptcy Code. *See In re Maya*, 8 B.R. 202 (Bkrtcy.E.D. Pa.1981).

**5.** Rule 65 of the Federal Rules of Civil Procedure (made applicable herein by Rule 765 of the Rules of Bankruptcy Procedure) permits the consolidation of a hearing on a preliminary injunction with the trial of the merits, as was done herein.

jurisdiction over the individual officials of PHEAA for a violation of 42 U.S.C. § 1983 which prohibits anyone while acting under color of state law, from depriving a person of a right guaranteed under a federal statute. *See, e.g., Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *See generally,* 17 C. Wright & A. Miller, E. Cooper *Federal Practice and Procedure* §§ 4231–32 (1978).

■ The second issue raised by PHEAA is that the instant case is not ripe for decision because PHEAA has not yet denied the plaintiff's application. We disagree with that argument for several reasons. First, the PHEAA regulation being challenged herein is clear on its face and provides:

> (b) Eligibility for a loan guaranty shall be denied to any person who has allowed his loan to mature through purchase from the lender by the Agency under the guaranty of a previous loan in the Loan Guaranty Program, unless in the judgment of Agency staff such loan should be guaranteed and one of the following has occurred:
>
> > (1) The defaulted loan has been repaid in full.
> >
> > (2) An approved lending institution has purchased the outstanding balance of the defaulted loan.
> >
> > (3) The student has taken positive steps toward repayment of the loan or toward supplying reasons in justification of the failure to repay....

22 Pa.Code § 121.4(b) (1981). Second, Jay W. Evans, the Deputy for Loans of PHEAA and a defendant herein, testified at the trial that PHEAA would follow that regulation and would, therefore, deny the plaintiff's application for a guaranteed student loan. Thus, we conclude that the imminent action threatened by PHEAA makes the instant case ripe for decision.

PHEAA argues further, however, that the instant case is not ripe for decision because, although PHEAA will initially deny the plaintiff's application, PHEAA does have an appeal procedure which it asserts the plaintiff should be required to utilize before being permitted to proceed in

this court. We disagree because, as we find below, to require the plaintiff to have to go through PHEAA's appeal procedure is, in and of itself, discriminatory treatment prohibited by § 525 and will, itself, cause unlawful injury to the plaintiff.

■ Finding the case ripe for decision, we now turn to the merits of the plaintiff's complaint. Section 525 of the Code provides, in pertinent part:

> [A] *governmental unit may not* deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, *discriminate with respect to* such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, *a person that is or has been a debtor* under this title or *a bankrupt or a debtor under the Bankruptcy Act,* or another person with whom such bankrupt or debtor has been associated, *solely because such bankrupt* or debtor is or *has been* a debtor under this title or *a bankrupt or debtor under the Bankruptcy Act,* has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, *or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.*

11 U.S.C. § 525 (emphasis added). The courts have interpreted that section broadly to prohibit a vast number of discriminatory acts by governmental units against debtors and bankrupts. *See, e.g., In re Layfield,* 12 B.R. 846, 7 B.C.D. 1201 (Bkrtcy.N.D.Ala. 1981) (state's suspension of debtor's driver's license for failure to pay dischargeable debts held unlawful); *In re Briner,* 10 B.R. 850, 7 B.C.D. 656 (Bkrtcy.D.Colo.1981) (state's suspension of debtor's driver's license for failure to post indemnity bond after pre-petition automobile accident held unlawful); *In re Maley,* 9 B.R. 832, 7 B.C.D. 471 (Bkrtcy.W.D.N.Y.1981) (state liquor authority's denial of license to debtor because of his bankruptcy held unlawful); *In re*

*Gibbs*, 9 B.R. 758, 7 B.C.D. 445, 4 C.B.C.2d 161 (Bkrtcy.D.Conn.1981) (city housing authority's attempted eviction of debtor based on discharged debt held unlawful); *In re Coleman American Moving Services, Inc.*, 8 B.R. 379, 7 B.C.D. 142, 3 C.B.C.2d 609 (Bkrtcy.D.Kan.1980) (government's elimination of debtor from consideration of award of government contract on basis of debtor's financial condition held unlawful); *In re Llewellyn*, 10 B.R. 303, 7 B.C.D. 43, 4 C.B.C.2d 153 (Bkrtcy.D.Kan.1980) (state university's refusal to release school transcript to debtor because of pre-petition student loan held unlawful); *In re Young*, 10 B.R. 17, 6 B.C.D. 1213, 3 C.B.C.2d 145 (Bkrtcy.S.D.Cal. 1980) (state's denial of debtor's application for renewal of a driver's license for failure to appear in court or post bond for a traffic citation held unlawful); *In re Heath*, 3 B.R. 351, 6 B.C.D. 169 (N.D.Ill.1980) (state university's refusal to release transcript of debtor held unlawful).

Furthermore, in *Henry v. Heyison*, 4 B.R. 437, 6 B.C.D. 243 (E.D.Pa.1980), the United States District Court for the Eastern District of Pennsylvania stated:

> The language of the Bankruptcy Code and the supporting House and Senate reports makes Congress' intent clear. Once a debt has been discharged under the Code a state may not treat a debtor differently than a person who never incurred a debt. Thus, although, a state could legitimately require financial responsibility insurance for all its non-owner drivers, the Code prohibits it from treating those with judgments discharged in bankruptcy differently from those who never had such debts.

In the instant case it is clear that PHEAA's regulations treat a person who has had his student loan obligation discharged in bankruptcy different from a person who has never incurred a student loan debt. PHEAA admits that a person who has never had a student loan guarantee before is automatically approved for a student loan guarantee as long as he is a resident of Pennsylvania. Therefore, PHEAA's regulation 22 Pa.Code § 121.4(b) which provides that the plaintiff's application must be denied initially is an unlawful discrimination under § 525 of the Bankruptcy Code.

Furthermore, even if PHEAA's regulations or officials guaranteed that the plaintiff herein, if he went through the agency's appeal process, would eventually be approved for a loan (which the regulations and officials have *not* so provided), we conclude that requiring the plaintiff to go through that appeal process is, in and of itself, an unlawful discrimination. This is because as stated above, PHEAA admits that a person who has never had a student guaranteed loan is automatically approved for such a loan at the initial application step and is *not* required to go through any appeal process. Because § 525 requires that the plaintiff herein must be treated as though he never incurred the discharged debt to PHEAA, we conclude that PHEAA must automatically approve the plaintiff's pending application for a guaranteed student loan to enable him to attend the University of Virginia School of Law.

There is an additional reason for our concluding that PHEAA may not lawfully require the plaintiff herein to utilize the appeal procedure set up by PHEAA. That is because that appeal procedure may cause undue delay of the plaintiff's application (up to 5 months or longer if the case is given to a hearing examiner) as opposed to a 2 to 3 week processing time for a person who is approved at the initial stage. Furthermore, PHEAA admitted that the main focus of the appeal procedure would be an inquiry into the reasons the plaintiff failed to set up a repayment schedule or to repay his discharged student loan obligation. We find that such an inquiry is clearly contrary to the fresh start doctrine of the Bankruptcy Act and Code and is fraught with possibilities for harassment of the plaintiff and for undue pressure on the plaintiff to reaffirm his discharged debt to PHEAA. In addition, there is nothing in the PHEAA regulations or in any statements made by or on behalf of PHEAA or the individual defendants to indicate that PHEAA would eventually approve the plaintiff's application.

As a result of all of the above, we conclude that the plaintiff is entitled to a declaratory judgment that 22 Pa.Code § 121.-4(b) is unlawful pursuant to § 525 of the Bankruptcy Code as applied to deny the plaintiff herein a guaranteed student loan. Consequently, we will grant the plaintiff's request for an injunction prohibiting PHEAA and its officials who are named defendants herein from denying the plaintiff's application and will direct them to forthwith approve that application.

**In re Reginald RICHARDSON, Debtor.**

**Reginald RICHARDSON, Plaintiff,**

**v.**

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Kenneth R. Reeher, Jay Evans, Defendants.**

**Bankruptcy No. 79–371G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Nov. 24, 1981.

Eric L. Frank, Community Legal Services, Inc., Philadelphia, Pa., for bankrupt, Reginald Richardson.

Jane G. Penny, Killian & Gephart, Harrisburg, Pa., for defendants, Pennsylvania Higher Ed. Assistance Agency, Kenneth R. Reeher and Jay Evans.