**In re BRANIFF AIRWAYS, INCORPO-RATED et al., Debtors.**

**DALLAS–FORT WORTH REGIONAL AIRPORT BOARD, Plaintiff,**

**v.**

**BRANIFF AIRWAYS, INCORPORATED, Defendant.**

**Bankruptcy No. 482–00369.**
**Adv. No. 482–0180.**

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

June 18, 1982.

Robert Hoffman, Dallas, Tex., for plaintiff.

David Bonderman, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

The complaint filed by Plaintiff, the Dallas-Fort Worth Regional Airport Board, in this adversary proceeding lists several alternative claims for relief including a claim that the automatic stay imposed under 11 U.S.C. § 362(a) does not apply to it by virtue of the exception to the stay provided by § 362(b)(4). Debtor, Braniff Airways, Inc., brought a Motion to Dismiss this claim for relief.

Section 362(b)(4) excepts from the stay "... the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power". Although Plaintiff may arguably fall within this exception, it is not necessary to decide this point. The precise wording of § 362(b)(4) explicitly creates an exception to the stay imposed under § 362(a)(1). Plaintiff is still subject to § 362(a)(3) which stays "any act to obtain possession of property of the estate or of property from the estate". Plaintiff may be excepted from § 362(a)(1), but this does not mean that Plaintiff may violate a different provision of subsection (a). See *In re Gibbs*, 9 B.R. 758, *supp. op.*, 12 B.R. 737 (Bkrtcy.D.Conn.

1981) and 2 *Collier on Bankruptcy* ¶ 362.-04[1] (15th ed. 1982). Exceptions to § 362(a)(1) do not operate to permit a seizure of property from the estate without a court order. *Id.* at ¶ 362.05[4].

Additionally, § 362(b)(4) is designed to allow governmental units to commence or continue actions and proceedings in forums other than the Bankruptcy Court. Plaintiff is seeking relief solely in the Bankruptcy Court and is pursuing only those remedies available to it under the Bankruptcy Code. Therefore, Plaintiff's claim for relief under § 362(b)(4) is immaterial at this point.

The Debtor's motion to dismiss Plaintiff's third alternative claim for relief is granted. Dated in Fort Worth, Texas this 18th day of June, 1982.