In re Houston W. YOUNG and Marion L. Young aka Marion L. Davis, Debtors.

Marion L. YOUNG, Plaintiff,

v.

DEPARTMENT OF MOTOR VEHICLES OF the STATE OF CALIFORNIA; Municipal Court of California, West Orange County Judicial District; Sam E. Collins, Court Commissioner; Does I–X, Inclusive, Defendants.

Bankruptcy No. C80 0308–K.

United States Bankruptcy Court, S. D. California.

Nov. 10, 1980.

Eric D. Wolf, San Diego, Cal., for plaintiff.

Alan S. Meth, Deputy Atty. Gen., San Diego, Cal., for defendants.

HERBERT KATZ, Bankruptcy Judge.

The motion of plaintiff MARION L. YOUNG, for partial summary judgment and the cross-motion of the defendant, DE-PARTMENT OF MOTOR VEHICLES for summary judgment came on regularly for hearing on October 24, 1980 at 2:00 P. M. in Department No. 1 of the above-entitled court, the Honorable Herbert Katz, Judge Presiding. The plaintiff appeared by her attorney Eric D. Wolf, Esq., and the defendant was represented by Alan S. Meth, Deputy Attorney General for the State of California. After hearing arguments presented by counsel, the court hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff filed her voluntary petition on May 19, 1980 under the provisions of Chapter 13 of Title 11 of the United States Code. The debtor's plan filed in the case provides for payment of 100% of creditor's claims as allowed, and was confirmed on July 8, 1980.

2. Plaintiff was issued a citation on May 31, 1979 for a traffic violation and executed a written promise to appear or post bail with the Municipal Court, West Orange County Judicial District. This obligation was listed in plaintiff's bankruptcy schedules for payment under her Chapter 13 plan. Plaintiff has not appeared in court on the offense nor posted bail in lieu of her appearance, and a bench warrant has been issued for her arrest.

3. Plaintiff's application for renewal of her California driver's license has been denied by defendant Department of Motor Vehicles under the authority of sections 12807(c) and 40508(a) of the California Vehicle Code, stating as grounds therefor plaintiff's failure to appear on the traffic violation.

## CONCLUSIONS OF LAW

1. Section 525 of the Code provides in pertinent part that "A governmental unit may not deny, revoke, suspend, or refuse to renew a license . . . solely because the bankrupt or debtor . . . has not paid a debt that is dischargeable in the case under this Title or that was discharged under the Bankruptcy Act." *11 U.S.C. § 525.*

■ 2. Plaintiff's obligation on account of the traffic citation is a criminal fine that is not dischargeable under section 523(a)(7) of the Code. *11 U.S.C. § 523(a)(7).*

■ 3. The provisions of Chapters 1, 3 and 5 of the Code apply generally to a case filed under Chapter 7, 11 or 13. *11 U.S.C. § 103(a).* In determining the effect of discharge in a Chapter 13 case the provisions of that Chapter take precedence over the general provisions of Chapters 1, 3 and 5 of the Code. *11 U.S.C. § 103(h).*

4. Section 1328(a) provides that after completion by the debtor of all payments under the plan, the court shall grant the debtor a discharge of all debts provided for

by the plan or disallowed under section 502 except for certain debts described in section 1322(b)(5) and obligations on account of support excepted from discharge under section 523(a)(5). Other obligations, including fines excepted from discharge under section 523(a)(7) of the Code, are dischargeable in a Chapter 13 case. *11 U.S.C. § 1328(a).*

5. A criminal fine dischargeable in a Chapter 13 case is a dischargeable debt within the provisions of section 525 of the Code, and defendant Department of Motor Vehicles is a governmental unit subject to the provisions of that section. *11 U.S.C. §§ 1328(a)(2), 525.*

6. Defendant's action in denying plaintiff's application for a renewal license is in violation of the anti-discrimination provisions of the Bankruptcy Code. *11 U.S.C. § 525.*

7. Plaintiff is entitled to a renewal license during the pendency of her Chapter 13 case, and discharge of her obligations upon completion of the payments provided for in her Chapter 13 plan. Should plaintiff convert to a liquidation case under Chapter 7 of the Code, the obligation for the traffic fine would not be dischargeable, and the Department of Motor Vehicles would be justified in revoking plaintiff's license. Likewise if plaintiff receives a hardship discharge under the provisions of section 1328(b), the Department could revoke plaintiff's license.

For the reasons stated above, plaintiff's motion for partial summary judgment shall be granted, and defendant's cross-motion for summary judgment denied. On stipulation of the parties, plaintiff's complaint in this action shall be dismissed as to all defendants without prejudice. Counsel for plaintiff shall prepare an order directing the Department of Motor Vehicles to issue plaintiff a renewal California driver's license.