Honorable John A. Passidamo Commissioner Department of Motor Vehicles
Your predecessor and counsel have asked several questions concerning the dischargeability in bankruptcy of various fines and penalties imposed under the Vehicle and Traffic Law and whether the Department may continue to refuse licensure and/or registration of the debtor after bankruptcy proceedings have been commenced based upon the debtor's failure to pay such fines and penalites or answer charges of parking or traffic violations.
The first question is whether civil penalties imposed under Vehicle and Traffic Law, §§ 227 (3) and (4), 318 (14) and 319(1), (4) and (5), 398-(e)(2), 415(9-c) and 1194(3)(b), as well as fines imposed by courts for violations of that statute, are dischargeable in bankruptcy. These sections generally provide for the imposition of civil penalties for various violations of the Vehicle and Traffic Law and require payment of such penalties as a condition of restoration of the offender's driving privileges, or in the case of automobile repair shops and dealers, business privileges, which have been revoked or suspended for such violations. The penalties collected by the Department under these sections are payable to the Department (Vehicle and Traffic Law, §§318[14], 319[1] and [4]), to the State for deposit in the general State fund (id., §§ 398-[e][2], 415[9-c], 1194[3][b]), or to the Department of Audit and Control to the credit of the justice court fund (id., § 227[4]).
The Bankruptcy Code (11 USC) generally provides for the filing of bankruptcy proceedings under three major chapters: Chapter 7, known as "straight liquidation"; Chapter 11, "reorganization"; and, Chapter 13, commonly referred to as the "wage earner's plan" (Collier on Bankruptcy, 15th ed., ¶ 103.01, p 103-2, 1983). Chapter 13 permits a debtor to pay some or all of his debts over a maximum period of three years, except where cause is shown, in which case the maximum period is five years (11 U.S.C. § 1322[c]). A discharge under Chapters 7 and 11 discharges the debtor from all debts except those excepted from discharge under11 U.S.C. § 523 (11 U.S.C. § 727, 1141[d]). A discharge under Chapter 13 releases the debtor who has completed payments under the plan from all debts provided for in the plan, including, with certain exceptions inapplicable here, those otherwise excepted from discharge under section 523 (id., § 1328[a]; Collier, supra, ¶ 523.03, pp 523-8 and 523-9). A debt not included in the plan is non-dischargeable (11 U.S.C. § 1328[a]). Where a debt is non-dischargeable, it continues to be the obligation of the debtor after bankruptcy (3 Bkr L Ed, § 22:28, p 50, 1979).
Section 523(a)(7), in pertinent part, excepts from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss". The term "governmental unit" means a State as well as a "department, agency or instrumentality of * * * a State" (11 U.S.C. § 101[21]). These debts for fines, penalties or forfeitures are non-dischargeable, except where provided for in a Chapter 13 plan and where the debtor completes payments under the plan (11 U.S.C. § 727,1141[d], 1328[a]; see, also, In re Young, 10 B.R. 17 [BC SD, Cali., 1980]). Section 523 (a)(7) codifies earlier case law holding that fines for violations of law were not provable debts and therefore not dischargeable (Collier, supra; ¶ 523.17, pp 523-133 and 134). This section was intended to render non-dischargeable those liabilities which are penal in nature, as distinct from so-called "pecuniary loss" penalties (see, Historical Note to 11 U.S.C. § 523, p 507). The courts, in interpreting this section, have adhered to this distinction. Thus, court-imposed traffic fines have been held to be non-dischargeable under section 523(a)(7) (In re Young, supra), as have penalties assessed against a debtor for child labor violations of the Fair Labor Standards Act (In re Tauscher, 3 CBC2d 536 [BC ED Wisc, 1981]). On the other hand, the affirmative obligation of a debtor to pay compensation to the state for actual pecuniary loss it sustained in cleaning up industrial wastes at the debtor's premises, has been held to be dischargeable (In reKovacs, 8 BCD 998 [BC SD, Ohio, 1982]).
In our opinion, fines and civil penalties imposed for violations of the Vehicle and Traffic Law, payable to the Department or the State, are "fines" or "penalties" payable to and for the benefit of a governmental unit under section 523(a)(7) of the Code. These fines and civil penalties do not represent compensation to the State for actual pecuniary loss, but are essentially penal sanctions imposed for violations of the State's motor traffic laws. We see no reason to distinguish civil penalties imposed by statute from fines imposed by courts. The latter have specifically been held to come under section 523(a)(7) (see, In re Young,supra). We conclude that civil penalties imposed under the foregoing sections of the Vehicle and Traffic Law, as well as fines imposed by courts for violations of that statute, are not dischargeable in bankruptcy, except where provided for in a Chapter 13 plan and where the debtor completes payments under the plan (11 U.S.C. § 523[a][7],727, 1141[d], 1328[a]).
We wish to point out here that, although a traffic fine or penalty may be provided for in a debtor's Chapter 13 plan and may therefore be discharged, this does not necessarily mean that the Department is entitled to receive full or even partial payment of its claim. To receive court confirmation, a Chapter 13 plan must provide that all claims entitled to priority under 11 U.S.C. § 507 will be paid in full (id., §§ 1322[a][2], 1325[a][1], that unsecured creditors will receive under the plan an amount not less than that which they would receive if the debtor was liquidated under Chapter 7 (id., § 1325[a][4]), and that secured creditors will retain their liens and receive the value of their collateral (id., § 1325[a][5]). In addition, the plan must be proposed in good faith (id., § 1325[a][3]). Traffic fines and penalties are neither priority claims under section 507 nor secured claims and therefore are to be considered unsecured claims. The debtor may propose to pay unsecured claims in full over the life of the plan, but unless such claims would be paid in full under Chapter 7, there is no requirement that he do so (id., § 1325[a][4]). Typically, the Chapter 13 debtor proposes to pay a specified percentage of unsecured claims over the life of the plan.
In instances where unsecured creditors would receive no cash payment under a Chapter 7 liquidation, i.e., where the debtor's liabilities exceed his assets, the possibility is raised that the debtor may propose to pay nothing to unsecured creditors (see, In re Gregory, 8 BCD 1309 [US Bktcy Ct Appellate Panels, 9th Cir, 1982]; In re Hudson, 7 BCD 354 [Bktcy Ct, ND Ill, 1981]). A plan which proposes to pay nothing to unsecured creditors "provides for" such creditors within the meaning of11 U.S.C. § 1328 so as to discharge their claims (In re Gregory,supra). The fact that an unsecured creditor's claim would be non-dischargeable under Chapter 7 does not mean that such creditor would receive less under a no-payment Chapter 13 plan than he would under Chapter 7 (ibid.; In re Hudson, supra; In re Graff, 3 CBC 421 [Bktcy Ct, Kansas, 1980]). The only issue presented in a case where the debtor proposes partial or no payment of unsecured claims is whether the plan has been proposed in good faith (ibid.). That is essentially a factual determination dependent upon the circumstances of each case, such as the assets available for creditors in event of liquidation, and the source and extent of the debtor's income less necessary living costs (In reRaikes, 22 B.R. 837 [BC NJ, 1982]).
You next inquire, where the Department has suspended or revoked the debtor's driving or business privileges prior to bankruptcy under the foregoing sections of the Vehicle and Traffic Law and under sections 226(3), 401(5-a) and 510(4-a), dealing generally with suspension or revocation for failure to appear to answer charges of traffic or parking violations, is it prohibited under the Bankruptcy Code from continuing to withhold such privileges once bankruptcy has been filed based upon the debtor's failure to pay the civil penalties assessed or answer such charges? Sections 226(3), 401(5-a) and 510(4-a) authorize the Commissioner to suspend an individual's driving privileges where such individual fails to answer charges of traffic or parking violations. We understand that, in some of these cases, fines are imposed upon the defaulting defendant by the court or administrative tribunal and that the Department terminates suspensions upon payment of the fine. In other cases, no fines are imposed and the suspension is based solely upon the defendant's failure to answer the charges.
11 U.S.C. § 525 is dispositive of this inquiry. It provides:
 "* * * a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit * * * or other similar grant to, condition such a grant to, discriminate with respect to such a grant against * * * a person that is or has been a debtor under this title * * * solely because such bankrupt or debtor is or has been a debtor under this title * * * or has not paid a debt that is dischargeable in the case under this title * * *."
Under section 525, a governmental unit is prohibited from denying licensure to a person who has filed bankruptcy solely on account of such bankruptcy or solely because such person has not paid a debt that is dischargeable. In the latter case, the debtor need not have been granted a discharge for the section to apply (In re Howren, 10 B.R. 303 [BC, Kansas, 1980]). Section 525 does not prohibit a governmental unit from denying licensure based upon the debtor's failure to pay an obligation that is non-dischargeable (In re Young, supra; In re Sampson, 8 BCD 992 [BC, Connecticut, 1982]), or based upon grounds which apply uniformly to all persons, both debtors as well as non-debtors (Matter of Cerney, 8 BCD 900 [BC ND, Ohio, 1982]).
From our earlier conclusion that civil penalties and fines assessed under the Vehicle and Traffic Law are not dischargeable, except where included in a Chapter 13 plan, it follows that your Department may continue to withhold the debtor's driving or business privileges after bankruptcy for failure to pay such penalties, except where such penalties are dischargeable in a Chapter 13 case (11 U.S.C. § 525; In re Young,supra; In re Sampson, supra). In Young, the Chapter 13 debtor was issued a citation for a traffic violation but failed to appear in court to answer the charge. She then filed a Chapter 13 petition and included the amount of the traffic fine for payment in her plan. The Department of Motor Vehicles denied the debtor's application for renewal of her license based upon her failure to appear on the traffic violation and pay the fine. The court noted that, while the fine ordinarily would be non-dischargeable under section 523(a)(7), it was dischargeable in this case because it was included in the plan. Thus, the court concluded, the Department's action in denying renewal based upon the debtor's failure to pay a dischargeable debt violated the anti-discrimination provisions of section 525. In holding that the debtor was entitled to a renewal license during the pendency of her Chapter 13 case, the court pointed out that should the debtor convert to a liquidation case under Chapter 7, or fail to complete payment under her plan, the obligation would not be dischargeable, and the Department would then be justified in revoking her license. Implicit in the Young decision is that, so long as the traffic fine is included in the plan and the debtor is not in default in payment under the plan, the obligation is dischargeable, and the Department may not revoke or suspend the debtor's license (see, also, In re Howren,supra).
We are also of the opinion that the Department may, however, continue to withhold privileges under Vehicle and Traffic Law, §§ 226(3),401(5-a), 510(4-a) if based solely upon the debtor's failure to answer charges in a case where no fines have been imposed. The requirement under those sections that an individual appear as a condition of restoration of privileges applies uniformly to all persons, both debtors as well as non-debtors, and therefore does not discriminate against the former under section 525 (see Matter of Cerney, supra). In Cerney, it was held that a state could withhold the debtor's driving license for failure to obtain requisite insurance coverage, since that requirement applied both to debtors as well as non-debtors.
We conclude that civil penalties and fines imposed for violations of the Vehicle and Traffic Law are not dischargeable in bankruptcy, except where provided for in a Chapter 13 plan and where the debtor completes payment under the plan. The Commissioner of Motor Vehicles is authorized to continue to withhold the debtor's driving or business privileges after bankruptcy has been filed based upon the debtor's failure to pay such penalties and fines, except where such penalties and fines are dischargeable in a Chapter 13 case, or based upon the debtor's failure to appear in response to charges of parking or traffic violations.