**In re Steven EDWARDS.**

**Bankruptcy No. 90–50234 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 10, 1991.

David Gunti, Pine Bluff, Ark., for debtor.

Rosalind Mouser, Pine Bluff, Ark., Margaret Brewer, for creditor.

A.L. Tenney, trustee.

## ORDER SUSTAINING OBJECTION TO CONFIRMATION AND DISMISSING CASE

MARY D. SCOTT, Bankruptcy Judge.

An Objection to Confirmation and Motion to Dismiss the debtor's Chapter 13 plan is before the Court. The Objection and Motion were filed by Margaret Brewer who is a creditor by virtue of an unsecured liquidated debt as well as a contingent unsecured claim. The matter came on for hearing June 18, 1991. The debtor, Steven Edwards, appeared personally and by counsel, David Gunti, Esq. Ms. Brewer appeared personally and by counsel, Rosalind Mouser, Esq. The Chapter 13 Trustee appeared by counsel, David Coop, Esq. After hearing testimony the Court took the matter under submission.

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1334(a) and 157(a). Moreover, the Court finds that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in section 157(b)(2)(L).

The Court, after reviewing the testimony as well as the Chapter 13 files and records, and exercising its independent obligation to review plans under confirmation standards, finds that the Objection to Confirmation should be sustained and the case dismissed for the following reasons.

Steven Edwards filed this Chapter 13 case June 25, 1990. At the time he filed the case he indicated on his Chapter 13 statement that he was employed as a farmhand and had been so employed for six and one-half (6½) months. That same statement revealed his net take home pay as $360.00 every two weeks. The statement revealed that he was separated from his wife when he filed and had total monthly expenses of $640.58. The narrative statement of his proposed plan indicated he had $139.42 in disposable income each month to pay into his plan.

The debtor listed only unsecured debts totaling $35,848.43. Of the amount he owes, virtually all resulted from a jury verdict rendered in a state court criminal prosecution. Edwards, on August 16, 1989, was found guilty of battery in the second degree. The victim, Ms. Brewer, is his major unsecured creditor. The jury fixed debtor's sentence at both three years in the Arkansas Department of Corrections and a fine of $10,000.00. In addition, the jury determined restitution due the victim, Margaret Brewer, at $24,914.70. Debtor served only four months under the original commitment order; May to August, 1989.

The debtor's first meeting of creditors, 11 U.S.C. § 341(a), was held August 3, 1990. On August 13, 1990 Ms. Brewer filed an Objection to Confirmation and sought dismissal of the case. She contended that the debtor's plan is not proposed in good faith. Her Objection and Motion were set for hearing on the Court's September 13, 1990 docket. A joint Motion for Continuance, filed September 12, 1990, was granted and the matters were reset for hearing November 27, 1990. On November 21, 1990 debtor, by counsel, requested that the November setting be continued or, in the alternative, that the U.S. Marshal deliver him from the custody of the Arkansas Department of Corrections for the hearing. The debtor, sometime between the filing of his case and this hearing date, was reincarcerated for parole violations.

The Objection and Motion were continued until February 12, 1991. Ms. Brewer amended her Objection and Motion asserting that the debtor, now incarcerated, did not qualify to be a debtor under Chapter 13 because he was without regular income. A status conference was held on the pending matters on February 12, 1991 whereupon the Court continued the matters to March 19, 1991 because the debtor was still incarcerated. Yet another continuance was granted on Motion of the debtor's counsel

because the debtor was to be considered for parole. Parole had not been granted by the date of the continued hearing April 16, 1991, however, debtor insisted on appearing. This could only be accomplished through a Writ of Habeas Corpus. Procedurally the debtor sought this relief and it was granted. Sometime in mid-May, however, debtor was released on parole and he personally appeared June 18, 1991.[1]

Debtor, who is 29 years old, contends the plan is his best effort, that he was eligible for Chapter 13 relief when he filed, and again has regular income with which to fund his plan. His mother made his payments to the Chapter 13 Trustee and kept his rent current while he was incarcerated for the parole violation. During the multiple continuances in this case counsel for debtor advised the Court that the date of filing of this case had become critical because after the filing date June 25, 1990, 11 U.S.C. § 1328(a) had been amended excepting from discharge any debt for restitution. Pub.L. No. 101–581 (1990). The liquidated claim of Ms. Brewer was based upon the criminal court jury's $24,914.70 restitution award. His plan proposes to pay approximately 3.2% of this claim. Debtor conceded during testimony that discharge of Ms. Brewer's claims was his primary reason for filing this case.

■ The Objection to Confirmation and Motion to Dismiss this Chapter 13 case are based upon an assertion that debtor is not proposing a good faith plan to repay debt. Bankruptcy courts consider the totality of the circumstances in determining whether the Chapter 13 plan has been proposed in good faith. *In re LeMaire*, 898 F.2d 1346, 1349 (8th Cir.1990). The Eighth Circuit enunciated the standard this Court must follow in reviewing the circumstances of a particular case to make such a determination. *See, in this regard, Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir.1987).

The bankruptcy court must look at factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code (citations omitted).

■ After applying this standard to the facts presented in this case the Court finds that the debtor has not stated his debts and expenses accurately, was not credible at the hearing and is unfairly manipulating the Bankruptcy Code. The filing of the case and proposed plan constitute an abuse of the provisions, purpose and spirit of Chapter 13.

The debtor's plan to repay debts is revealed in his narrative statement. He proposes to pay $139.42 per month to the Trustee. The term of the plan is not clear. The last paragraph of the narrative indicates the debtor will make sixty (60) monthly payments. However, in an earlier paragraph debtor proposes to commit his "disposable income ... for payment of claims over the next three (3) years." Of the $139.42 debtor proposes to pay costs of administration,[2] his filing fee ($120.00) and attorney's fee ($1,000.00). In addition, debtor has singled out payment of his criminal fine for special treatment. He proposes that $100.00 of the $139.42 be paid to the Jefferson County Sheriff each month over the life of the plan and that this debt will be a continuing debt to be paid by the debtor after completion of the plan until paid in full. Presumably, the reason for singling out this unsecured debt for special payment in full is his belief that it is a nondischargeable debt and he will be reincarcerated if he fails to pay it.[3]

The Trustee's estimation regarding payments to creditors indicates all other unsecured creditors will be paid a pro-rata distribution or approximately 3.2% of their

---

1. He ultimately served about twelve and one-half (12½) months of his original three (3) year sentence.

2. Costs of administration were estimated on the Trustee's print out [Exhibit 7] to be about $700 based upon a 60–month plan of $139.42/month or plan based of $8,365.00.

3. The state's prosecuting attorney testified that this proposed payment schedule was satisfactory with the state. Hence, the state does not object to this plan.

claims. [Exhibit 7] Debtor scheduled $35,848.43 of unsecured debt of which $10,000.00 is the fine. Hence, using his figures $25,848.43 remains to be paid. Debtor, however, listed Ms. Brewer's claim as $24,000.00 not $24,914.70 which is the amount of her claim. Hence, debtor's unsecured debt less the amount of the fine is $26,763.13. Trustee's estimate of 3.2% (which may now be inaccurate given the increased claim) indicates all other unsecured creditors will share pro-rata approximately $836.34 which would be sent to them in sixty (60) payments or $13.93 per month.

■ Initially, the Court notes the plan discriminates unfairly. No reason or justification is given for singling out the government fine for its special treatment. This unsecured debt is not excepted from the Chapter 13 super discharge under 11 U.S.C. § 1328.[4] For this reason alone the plan is not confirmable. 11 U.S.C. § 1322(a)(3) and 11 U.S.C. § 1325(a)(1). In addition, debtor provides no justification for continuing the payments for this one debt and for no other beyond the term of the plan.

The Court also finds the debtor's statement regarding his income is, in all likelihood, understated and expenses overstated. He did not present a demeanor consistent with truthfulness. For example, he claimed to be paying car insurance on his schedule of expenses but listed no car on his schedule of assets. When he was questioned about this apparent inconsistency he testified that the car belonged to his now estranged wife and he no longer makes the insurance payment of $62.50/month. He listed another insurance payment of $26.66/month but the purpose for that payment was not identified. He did not amend his schedules before the hearing. Debtor works as a farmhand for his family essentially for minimum wage. He stated he is guaranteed a 40–hour week. Testimony revealed, however, that his last weekly check was for $274.00 and most weeks were like that one. Hence, although he says his estimation of income is averaged out over the year, the Court finds his testimony misleading. It is impossible to conclude from his testimony that he is really committing all disposable income to his plan.

Finally, although most of the testimony centered around the underlying cause of the claims in this bankruptcy case, i.e., the battery against Ms. Brewer and her resulting medical condition, the Court concludes that there is sufficient evidence of lack of good faith beyond just the fact that her claims might otherwise be nondischargeable in a Chapter 7. The debtor has misrepresented his true financial condition and ability to earn sufficient income to propose a meaningful plan. He has unfairly discriminated in the treatment of his unsecured claims. The manipulation is an abuse of the Bankruptcy Code.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Objection to Confirmation is sustained and the case dismissed.

IT IS SO ORDERED.

---

4. In fact, even the 1990 amendments to Chapter 13 except only debts for restitution and do not mention the government fines covered by 11 U.S.C. § 523(a)(7). *See, In re Colon,* 102 B.R. 421, 428 (Bankr.E.D.Pa.1989); *In re Johnson–*

*Allen,* 69 B.R. 461, 465 (Bankr.E.D.Pa.1987); and *In re Young,* 10 B.R. 17, 19 (Bankr.S.D.Calif.1980). *See, also* 2 *Colliers on Bankruptcy,* ¶ 362.05, at 362–47 (15th ed. 1988) (footnotes omitted).