46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward GARFIAS, Plaintiff-Appellant,
v.
CITY OF MESA; Guy Meeks, City of Mesa Police Department,
Police Chief; Mesa Police Officer Badge No. 7320; and Mesa
Police Duty Desk Sargeant; Karrp, Judge, and Harold H. Reeb,
City of Mesa, Presiding City Magistrate; Maricopa County
Board of Supervisors, Defendants-Appellees.
 
 No. 93-17307.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Edward Garfias appeals pro se the district court's dismissal of his bankruptcy appeal alleging that his traffic ticket debts had been discharged and that the City of Mesa, Arizona, and individual city and state employees (collectively "defendants") should be held in contempt for not honoring the allege discharge of the traffic tickets. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 On October 8, 1992, Garfias was arrested for driving with a suspended license. Garfias's license had been suspended because of outstanding traffic ticket violations. In this action, Garfias contends that his traffic ticket debts were discharged when the bankruptcy court issued an order of discharge on June 4, 1992. Garfias alleged that the defendants were in contempt because they arrested him on his outstanding traffic ticket violations despite the debts allegedly being discharged.
 
 
 4
 The Bankruptcy Code provides that a discharge under 11 U.S.C. Sec. 727 does not discharge an individual debtor from a debt "to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss...." See 11 U.S.C. Sec. 523(a)(7) The record reflects that the unpaid traffic violations are the types of debts that are prohibited from being discharged under section 523(a)(7). See Young v. Department of Motor Vehicles of the State of California (In re Young), 10 B.R. 17, 18 (Bankr. S.D. Cal. 1980).
 
 
 5
 Garfias's contention that he has satisfied his traffic violation debts through prior incarceration is unsupported by the record. Moreover, as the district court noted, Garfias's contention that he satisfied his debts through incarceration is contradicted by his prior actions in his Chapter 7 case where he contended that the traffic ticket debts should be discharged.
 
 
 6
 Accordingly, because the bankruptcy court did not err in determining that Garfias' traffic violations were not discharged, it correctly denied Garfias's contempt motion against the defendants. See 11 U.S.C. Sec. 523(a)(7)
 
 
 7
 Garfias also contends that his constitutional rights were violated when the Arizona Supreme Court dismissed his habeas corpus petition. We lack jurisdiction to consider this issue. See 28 U.S.C. Sec. 158(d). We also hold that there was no abuse of discretion in the district court's denial of Garfias's Fed. R. Civ. P. 59(e) motion. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir. 1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3