**In re Lorraine LITTLE, Debtor.**

**Bankruptcy No. 99–49253–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Jan. 4, 2000.

Order denying reconsideration,
February 9, 2000.

Robert J. Blackwell, Blackwell & Associates, P.C., O'Fallon, MO, trustee.

John V. LaBarge, Jr., St. Louis, MO, Chapter 13 Trustee.

David R. Keesee, St. Louis, MO, for debtor.

James B. Day, Blackwell & Associates, P.C., O'Fallon, MO, for Chapter 7 Trustee.

## ORDER

JAMES J. BARTA, Chief Judge.

The voluntary petition for relief under Chapter 7 in this case was filed on August 30, 1999. At Schedule A, the Debtor listed the value of her interest in certain real property as $8,700.00, subject to a secured claim in the amount of $4,000.00. No part of this interest was claimed as exempt.

The meeting of creditors was conducted and concluded on October 8, 1999. As a result of testimony at the meeting of creditors, the Trustee reported that his subsequent investigation determined that the value of the Debtor's real property may be considerably greater than the amount listed by the Debtor on her schedules.

On December 1, 1999, the Debtor filed a motion to convert to Chapter 13. Shortly thereafter, the Chapter 7 Trustee filed an objection to conversion. In the amended documents filed with the motion to convert, the Debtor added five new creditors. On her Amended Schedule A, the Debtor described her interest in the real property as being a one-half interest having a market value in the amount of $11,500.00, subject to a secured claim in the amount of $4,000.00. The Amended Schedule C included a claim of an exemption in the real property in the amount of $8,000.00. On the Amended Schedule D, the Debtor stated that the obligation that is secured by her real property "Has Codebtor".

The Amended Schedule I attached to the motion to convert reflects net income from wages in the amount of $282.00, plus food stamps in the amount of $125.00, plus "contributions from daughter" in the amount of $150.00. In the original Chapter 7 Schedule I, the Debtor did not identify income other than wages in the amount of $282.00.

On the Amended Schedule J, the Debtor listed total expenses in the amount of $458.00. In her original Chapter 7 Schedules, the Debtor listed total expenses in the amount of $566.00. Although the amounts of several items on the amended expense list have been changed from the amounts listed on the original schedule, no credible explanation for the changes appears from the record.

The Chapter 13 plan attached to the motion to convert proposes to pay $95.00 each month for 36 months, with unsecured claims to receive a ten percent distribution.

As part of his objection to the Debtor's motion to convert, the Trustee attached a copy of a General Warranty Deed that reflects that the Debtor is the sole owner of the real property described in her bankruptcy papers.

The Debtor's Schedules and Statements of Affairs were signed under penalty of perjury.

In her response to the Trustee's objection, the Debtor stated that she had mistakenly listed the extent of her interest in the real property as a one-half interest; that her valuation of her interest in the real property was incorrect; that the Trustee's information that the property may have a value greater than $40,000.00 was based on a " 'drive by' observation performed by a Realtor"; that the most recent valuation of the property for tax purposes is the amount of $26,330.00; that the additional income listed with her motion to convert did not exist when the Chapter 7 Schedules were filed; that she is looking for a second job; that in addition to wages, her chapter 13 plan will be funded by unspecified tax refunds; and that the feasibility of a Chapter 13 plan should be determined by the Chapter 13 trustee.

 Perhaps to a greater degree than any other segment of our justice system,

Bankruptcy depends on the integrity of the information supplied by its principal participant, the debtor. A debtor is required to submit *accurate* information about his or her assets and liabilities. Careless, misleading or intentionally false information on a debtor's Schedules or Statement of Affairs can go undetected, or when detected, can frustrate distributions of the debtor's assets and result in denial of the debtor's discharge. Whether detected or undetected, the system and the persons affected by it, including the debtor, are damaged.

In this case, the Debtor submitted false information on her original Chapter 7 Schedules. The record here has not presented a plausible reason or excuse for the apparent gross understatement of the value of the Debtor's interest in her real property. Even when the Schedules were amended, the description of her interest and the statement of the value of her property were not correct. Neither the petition preparer nor the bankruptcy attorney is responsible for these statements. The information was provided by the Debtor.

It is clear that the Debtor's income from wages is not sufficient to fund a confirmable chapter 13 plan. If the Debtor's daughter voluntarily contributes to the plan, the Debtor believes that a ten percent distribution is possible. No information concerning the daughter's employment or income has been provided. If the Trustee's information as to the value of the Debtor's real property is correct, the proposed plan as submitted with this motion is not capable of being confirmed. The suggested amendments to the plan described in the response to the Trustee's objection, suggest only a slight possibility that a plan can be confirmed.

■ Unlike conversion from Chapter 13 to Chapter 7, the Bankruptcy Rules do not provide for conversion from Chapter 7 to Chapter 13 without an order of Court. Conversion pursuant to 11 U.S.C. § 706(a) shall be on motion filed and served as required by Rule 9013. *See* Rule 1017(d), Federal Rules of Bankruptcy Procedure ("FRBP"). Although the language of the conversion statutes at Sections 706(a), 1208(a) and 1307(a) is almost identical, conversion from a Chapter 7 case to a Chapter 13 case at any time is authorized "if the case has not been converted under section 1112, 1208 or 1307...." 11 U.S.C. § 706(a). The case being considered here had not previously been converted from a different chapter.

■ In this case, the Debtor has submitted Bankruptcy documents that contain incorrect or false statements; the Debtor appears to have misrepresented the extent and value of her interests in property; and the Debtor has not shown a reasonable possibility that a repayment plan can be confirmed. Nonetheless, the clear language of Section 706(a), and the prevailing case authority state that if the case has not previously been converted, a chapter 7 debtor has a one time right to convert to a chapter 13 case. *In re Cavaliere,* 238 B.R. 247, 248 (Bankr.W.D.N.Y.1999); *In re Porras,* 188 B.R. 375, 377 (Bankr. W.D.Tex.1995); *In re Matter of Martin,* 880 F.2d 857, 859 (5th Cir.1989); *In re Hanna,* 100 B.R. 591 (Bankr.M.D.Fla. 1989) (recognizing absolute right to conversion, but denying reconversion); *In re J.B. Lovell Corporation,* 876 F.2d 96 (11th Cir.1989) (conversion to Chapter 11); and *Street v. Lawson (In re Street),* 55 B.R. 763, 765 (9th Cir. BAP 1985).

■ Subsection (a) of Section 706 gives a debtor one absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. The policy of the provision is that the "debtor should always be given the opportunity to repay his debts." S.Rep. No. 989, 95th Cong.2d Sess. 380; H.R.Rep. No. 595, 95th Cong.2d Sess. 94.

The cases that have not recognized the absolute right to convert from Chapter 7 to Chapter 13 have generally based their conclusions on the fact that the motion to

convert was presented after the Order of Discharge had been entered. *See In re Lesniak,* 208 B.R. 902, 906 (Bankr.N.D.Ill. 1997); *In re Starkey,* 179 B.R. 687 (Bankr. N.D.Okla.1995); *In re Edwards,* 132 B.R. 400 (Bankr.E.D.Ark.1991); and *In re Jones,* 111 B.R. 674 (Bankr.E.D.Tenn. 1990).

■ It has been and continues to be the policy of this Court, that absent compelling circumstances, a motion to convert from Chapter 7 to Chapter 13, presented after the entry of a Chapter 7 Order of Discharge, will be denied. Such is not the case here, however.

**IT IS ORDERED** that the Trustee's objection is overruled; and that the Debtor's Motion to Convert under 11 U.S.C. § 706(a) is GRANTED; and that an order for relief under Chapter 13 is entered as of the date of this Order; and

That if not already done, NOT LATER THAN FIFTEEN (15) DAYS AFTER THE DATE OF THIS ORDER, the Debtor is to file her Chapter 13 Schedules, Statements, Chapter 13 Plan and any other required documents; and THAT FAILURE TO TIMELY FILE THESE DOCUMENTS MAY RESULT IN DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE OR HEARING; and

**IT IS FURTHER ORDERED** that except for the matters noted below, the Clerk of the Court is to reassign this case in accordance with the general order of this Court, dated January 31, 1997 regarding case assignments and provide notice of the transfer to the appropriate parties; and that the United States Trustee appoint a Chapter 13 Trustee; and

That notice of any application for compensation or reimbursement is to be given to the Debtor(s), Attorney for Debtor(s), the Chapter 7 Trustee and all secured creditors not later than ten (10) days after the date of this Order; and that any objection to such an application is to be filed not later than ten (10) days after such notice is mailed; and that thereafter, the applicant

is to contact the Courtroom Deputy for *Court No. 1,* and request the entry of an appropriate Order; and that the Chapter 7 Trustee is discharged of his trust, and is released from his responsibility to maintain a bond in this case.

## *ORDER*

This case has been converted from a Chapter 7 liquidation case to a Chapter 13 repayment case. The date of the hearing on confirmation of the Debtor's Chapter 13 Plan has been set for March 9, 2000 before the Honorable David P. McDonald.

The matter being considered here is the motion of the former Chapter 7 Trustee to reconsider the order dated January 4, 2000, that overruled the Chapter 7 Trustee's objections and granted the Debtor's motion to convert to Chapter 13. The Debtor filed a written response in opposition to the Chapter 7 Trustee's motion. This Order is entered on consideration of the record as a whole.

At a hearing on February 8, 2000, after notice to all creditors and parties in interest, the Court granted the application of the Chapter 7 Trustee for the allowance of a Chapter 7 claim for services rendered prior to conversion to Chapter 13. The amount allowed is to be paid as a priority expense in the Chapter 13 case.

The Chapter 7 Trustee's arguments in support of his motion to reconsider are similar to those presented in the original objection to the Debtor's motion to convert, except that additional recent caselaw has been cited in support of the Trustee's position.

■ The Court has determined that the motion for reconsideration has not presented newly discovered evidence, suggested an intervening change in law, established a need to correct a clear legal error, or otherwise presented a basis to reconsider the Order to prevent a manifest injustice in the Chapter 7 case. The Debtor's right to convert from Chapter 7 to Chapter 13 is based upon the clear statutory

language of 11 U.S.C. § 706(a). Under the present statute and rules of procedure, the Court is without authority to grant a motion to convert from Chapter 7 to Chapter 13 on the condition that a debtor obtain confirmation of a plan within a specified period of time, or on the condition that if the Chapter 13 case is not successful, the only remedy available is reconversion to Chapter 7. Any request to reconvert is more properly determined by the Court as part of the Chapter 13 confirmation process. *See In re Verdi,* 241 B.R. 851, 858 (Bankr.E.D.Pa.1999).

■ The Chapter 7 Trustee's motion includes an alternative request to involuntarily reconvert the Chapter 13 case to a Chapter 7 case to allow the Chapter 7 Trustee to continue his administration of the estate assets. As the holder of an allowed claim in the Chapter 13 proceeding, the Chapter 7 Trustee enjoys standing to prosecute his requests, if appropriate, when the Debtor submits her repayment plan for consideration. The Court's determination can then include a consideration of the feasibility of the Debtor's Chapter 13 plan, as well as the responses of creditors and the Chapter 13 Trustee to the Debtor's request for confirmation.

**IT IS ORDERED** that the motion of the Chapter 7 Trustee to reconsider the Order dated January 4, 2000, that granted the Debtor's motion to convert to Chapter 13 is denied without prejudice; and

That the alternative motion of the Chapter 7 Trustee to reconvert this case to a case under Chapter 7 is passed for further consideration and determination by the Honorable David P. McDonald as part of the Chapter 13 proceeding; and that Counsel for the Chapter 7 Trustee is to contact the Courtroom Deputy to arrange for a hearing date in Court No. 4.