**In re Thomas F. KELLY, Sr. and Helen J. Kelly, Debtors.**

**No. 98–12252–9P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 18, 2001.

Edward R. Miller, Naples, FL, for debtors.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

Thomas S. Heidkamp, Ft. Myers, FL, Original Chapter 7 Trustee.

## ORDER ON CHAPTER 7 TRUSTEE'S MOTION TO RECONVERT TO CHAPTER 7 (Doc. No. 60)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

Thomas F. Kelly, Sr. and Helen J. Kelly (Debtors) filed their joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on July 15, 1998. In their Schedule of Creditors Holding Secured Claims, the Debtors listed, in addition to the claim of Crossland Mortgage holding a mortgage on the Debtors' residence, three creditors holding secured claims secured by liens on a 1994 Acura, a 1985 Mercedes and a 1998 Nissan pick-up, respectively. On Schedule F the Debtors scheduled two unsecured creditors: Naples Community Hospital with a claim of $1,000 and Brae Asset Fund, L.P. (Brae Asset) with a claim of $145,000.

On Schedule C the Debtors claimed as exempt their homestead valued at $400,000, the Acura valued at $14,000 and the Nissan pick-up valued at $11,000. In addition, they also claimed annuities valued at $25,638, miscellaneous household goods valued at $1,800, cash on hand of $150, and pictures valued at $200. In sum, the total personal property exemption claimed was $2,150, or $150 more than allowed under Art. X, § 4 of the Florida Constitution.

In due course Thomas S. Heidkamp was appointed Trustee. On September 15, 1998, the Trustee filed an Objection to the Debtors' exemption claim contending that the Debtors' valuation of the properties claimed as exempt was improper and that the total claim of exemption of personal property, including the vehicles, was substantially in excess of the exemption available under the Constitution and under Fla. Stat. § 222.01, et seq. On October 28, 1998, the Debtors received their Discharge.

On November 5, 1998, this Court entered an Order on the Trustee's Objection and limited the exemption claims of the Debtors to $1,000 each and determined that the excess shall be subject to administration by the Trustee. On June 7, 1999, the Court-appointed appraiser filed her inventory and appraisal and valued the personal property at $5,225, not including the vehicles. On December 3, 1998, the Trustee commenced an adversary proceeding naming Mary Lou Bresky (Ms. Bresky) as defendant challenging the validity of Ms. Bresky's lien on the Mercedes automobile, one of the three cars owned by the Debtors but not claimed as exempt.

On November 19, 1999, this Court entered an order and allowed the secured claim of Ms. Bresky in the amount of $10,000 with the balance of $14,300 being unsecured. The Trustee did in fact sell the Mercedes for $12,510. On December 16, 1998 the Trustee filed a complaint suing the Debtors and sought an order of turnover all non-exempt assets for administration and seeking a revocation of the discharge granted to the Debtors. On March 30, 1999 this Court ordered the Debtors to turn over to the Trustee the value of the properties which were found to be in excess of what could be allowed as exempt under applicable local law. The Debtors failed to comply and on August 7, 2000, this Court did revoke the Debtors' discharge.

On September 13, 2000, the Debtors filed a Motion to Convert their Chapter 7 case to a Chapter 13 case. On September 26, 2000 this Court entered an Order and converted the Chapter 7 case of the Debtors to a Chapter 13 case. On October 5, 2000, the Trustee filed a Motion for Reconsideration of the Order of Conversion which was denied for improper service. On October 6, 2000, Brae Asset filed a Joinder in the Trustee's Motion for Reconsideration of the Order of Conversion.

The Trustee in his Amended Motion to Reconsider contended that the Motion to Convert was filed in bad faith, that it will prejudice the creditors and it is not in the best interest of the estate (sic). It is also contended by the Trustee that the right to convert from Chapter 7 to Chapter 13 is not absolute if the conversion was for an improper purpose.

On October 12, 2000, this Court denied the Trustee's Motion for Reconsideration. On October 19, 2000, the Trustee filed an Amended Motion for Reconsideration. On January 4, 2001, this Court denied the Trustee's Amended Motion for Reconsid-

eration. On January 11, 2001, the Trustee filed his Notice of Appeal and a Motion for Stay Pending Appeal. Notwithstanding the pendency of the appeal, on February 5, 2001, the Trustee filed a Motion to Reconvert the Chapter 13 case to a Chapter 7 case and an objection to the Chapter 13 Plan. Not to be left out of this tug of war, on February 14, 2001 the Debtors filed a Motion for Order to Show Cause directed to the Trustee why he should not be held in contempt for failure to comply with the Order entered on September 26 which, inter alia, directed the Trustee to relinquish all properties under his control to the Debtors.

On March 28, 2001, this Court entered an Order and rescheduled the Trustee's Motion for Stay Pending Appeal, Order to Show Cause directed to the Trustee and the Trustee's Motion to Reconvert for April 4, 2001. These are the present matters under consideration.

Of course, the initial inquiry must be addressed to the Trustee's Motion for Stay Pending Appeal. This is so because if the stay is granted, that would relieve the Trustee of his duty to turn over the funds currently in his possession which in turn would moot the issue of contempt brought before this Court by the Order to Show Cause.

However, the Motion for Stay Pending Appeal has been resolved by an Order entered by the District Court on April 6, 2001 in which Judge Steele of the Ft. Myers Division concluded that the Trustee's appeal was untimely and, therefore, the appeal was dismissed.

This leaves for consideration the remaining issues which relate to the contention of the Trustee that this Court should again reconsider the Order of Conversion which permitted the Debtors to convert their Chapter 7 case to a Chapter 13 case based

on the allegation that it was done in "bad faith." In support of this proposition, the Trustee contends that he has already embarked on the administration of the assets of the Debtors' estate and he already has funds on hand from which he could make distribution to the creditors in due course although it is intimated that the completion of the administration in Chapter 7 will still take time to complete. Moreover, the Trustee and Brae Asset, the creditor who joined in the Motion, contend that these particular Debtors have only two creditors, Brae Asset which holds a judgment against the Debtors in the amount of $145,000 and a hospital bill in the amount of $1,000.

The Code Section involved in this controversy is, of course, 11 U.S.C. § 706 which provides in Subclause (a) that a debtor may convert a case under Chapter 7 to a Chapter 13 at any time. The Courts in construing this Section generally accept the view relying on the legislative history of this Section that the Section gives a debtor the absolute right to convert because a debtor should be given an opportunity to repay its debts. **House & Senate Reports (Reform Act of 1978)** To further enhance and carry out this goal, this Section also provides that the waiver of the right to convert is unenforceable.

Courts interpreting this Section, even in situations where the debtor's conduct was suspect, permitted conversion. In the case of *In re Little*, 245 B.R. 351 (Bkrtcy. E.D.Mo.2000), the debtor submitted documents with her filing which contained incorrect or false statements, appeared to have misrepresented the extent and value of her interest in property and had not shown a reasonable possibility that a repayment plan could be confirmed. Notwithstanding, the Court in *Little* concluded that the right of the debtor to convert is

absolute. See also, *In re Porras*, 188 B.R. 375 (Bkrtcy.W.D.Tex.1995).

No doubt these views are not uniformly accepted and there are some Bankruptcy Courts which concluded that the debtor's right to convert a Chapter 7 case to a Chapter 13 case is absolute only in the absence of extreme circumstances and may be denied in order to prevent injustice to other parties or an imposition on the Court. *In re Spencer*, 137 B.R. 506 (Bkrtcy.N.D.Okla.1992). In the case of *Martin v. Cox*, 213 B.R. 571 (E.D.Ark. 1996), the Court concluded that the right to convert is not absolute if the conversion constitutes several circumstances which would be of the kind sufficient to support denial of the debtor's motion to convert. In *Martin v. Cox*, the debtor was found to have acted in bad faith when he fraudulently misrepresented crucial facts as well as the legal manipulation surrounding the debtor's efforts to convert the Chapter 7 case to a Chapter 11 case.

In viewing the cases dealing with this problem, it appears that this Court is inclined to modify the absolute right to convert rule only if faced with a fact pattern which amounts to an abuse of the system or which would result in great prejudice to creditors. Here the motivation of the Debtors was clearly to convert a Chapter 7 case to a Chapter 13 case to avoid a loss of non-exempt assets and to prevent the Trustee in the Chapter 7 case to liquidate the non-exempt assets. The Debtors were already ordered to surrender these to the Trustee which they did not comply with which resulted in the loss of their right to a discharge. Clearly, creditors cannot receive a greater benefit in a no-asset Chapter 7 case than to succeed in preventing the Debtors from obtaining a discharge pursuant to Section 727(a) of the Code. However, if these Debtors are ultimately able to obtain confirmation of a plan and a

Chapter 13 discharge, a proposition which is not without doubt due to the special provisions of Section 1328, the benefit to the Debtors is far superior in a Chapter 13 case.

The fact pattern established in this case might very well form the basis to challenge confirmation of the Plan filed by the Debtors, especially as it is now filed which proposes to pay 20 cents on the dollar over 60 months. But the facts as appear from this record fall short of the egregious conduct which would justify a denial of the Debtors' right to convert.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing of the Order of Conversion is granted but upon reconsideration the Order of Conversion stands. Therefore, the Motion to Reconvert be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee shall turn over the funds in his possession to the Chapter 13 Trustee without prejudice to the Trustee and Trustee's attorney and accountant employed during the Chapter 7 case to file their respective fee applications which will be considered by this Court as part of the confirmation process.