**In re Arthur M. GALLAGHER, Debtor.**

**No. 01–18953–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 19, 2002.

Roger L. Waltemyer, Fort Myers, FL, for debtor.

Diane L. Jensen, Fort Myers, FL, Chapter 7 Trustee.

### ORDER DENYING MOTION TO CONVERT TO CHAPTER 13 AND SUSTAINING OBJECTION TO SAME

**(Doc. Nos. 53 & 54)**

ALEXANDER L. PASKAY, Chief Judge.

The underlying fact pattern of the matter before this Court is a classic paradigm of a seemingly well-established proposition that a Chapter 7 debtor has an absolute right to convert a Chapter 7 case pursuant to 11 U.S.C. § 706, which may not be absolute depending of the totality of the facts of the particular case. In the instant case before the Court, Arthur M. Gallagher (Debtor) filed his voluntary Petition for Relief on October 10, 2001. In due course, the U.S. Trustee appointed Diane Jensen as the Chapter 7 Trustee of the estate of the Debtor (Trustee). She re-

mains in charge of the administration of this case. The Debtor now seeks to convert his Chapter 7 case to a Chapter 13 case.

The ultimate issue, that is the Debtor's right to convert, can be resolved based on the facts as they appear from the record of this case, as a matter of law, and are as follows. Shortly after the initiation of this Chapter 7 case, on November 16, 2001, the Trustee filed her Objection to the Debtor's claim of exemption. On January 7, 2002, this Court entered an Order after a duly scheduled and noticed hearing and sustained the Trustee's Objection. On January 14, 2002, the Debtor and the Trustee entered into a Stipulation resolving the issues concerning the Debtor's claim of exemption. On January 23, 2002, the Debtor received his general Discharge.

Thereafter, the Trustee filed several Objections to claims, including Claim No. 10 filed by Owens & Wolf, P.A. (Owens & Wolf). Owens & Wolf is the law firm who represented the Debtor pre-petition in certain litigation pending in the State of New Jersey. With the exception of the claim of Owens & Wolf, the Trustee prevailed on all Objections and Claim Nos. 27, 28, 29, and 30 were disallowed. The Motion of Owens & Wolf to continue the hearing on the Trustee's Objection to its claim was denied as moot and this Court sustained the Trustee's Objection to Claim No. 10. The Claim was disallowed without prejudice to the filing of an amended proof of claim. Owens & Wolf timely filed an amended Proof of Claim, Claim No. 13, which has also been challenged by the Trustee. This Court heard argument of the parties on the Trustee's Objection to Claim No. 13 whereupon this Court took the Objection under advisement.

In the interim, the Trustee filed a Motion (Doc. No. 36) and sought authorization by this Court of a settlement with Quincy

Mutual Fire Insurance Co. (Quincy Mutual) and Commerce Bank regarding the state court litigation pending in New Jersey. Owens & Wolf filed an Objection (Doc. No. 43) to the Trustee's Motion to Approve the Compromise. On June 17, 2002, this Court heard argument on the Objection to the Trustee's Motion to Compromise and entered an Order directing the parties to submit case law on the issues raised in the Objection (Doc. No. 49). On July 1, 2002, this Court entered an Order granting the Trustee's Motion and authorized the Trustee to settle the estate's claim against Quincy Mutual and Commerce Bank, and overruled the Objection (Doc. No. 50).

On July 10, 2002, the Debtor filed a Motion to Convert his Chapter 7 case to a Chapter 13 case (Doc. No. 53). This Motion was promptly followed by an Objection to the Debtor's Motion to Convert (Doc. No. 54), filed by the Trustee. This is the precise matter presently under consideration by this Court. On July 18, 2002, the Debtor filed his Response to the Trustee's Objection to Convert (Doc. No. 57) and on the same day also filed his Chapter 13 Plan. Although there is no formal stipulation of the facts germain to the issues raised by the Trustee's Objection to the Motion to Convert, the basic facts as set forth above are really without dispute and the issue is whether or not this Debtor has an absolute right, under the special facts of this case, to convert his case or if it is appropriate for this Court to deny his Motion and prohibit the Debtor to convert this case to a Chapter 13 case.

■ 11 U.S.C. § 706 entitled "Conversion," provides as follows: "(a) The debtor may convert a cause under this chapter to a case under chapter 11, 12, or 13 of this title at any time. . . ." Although the text reads that the debtor "may" and not "shall," have the right to convert, there is

authority to support the proposition that a debtor's right to a one time conversion is absolute. *See* H.R.Rep. No. 595, 95th Cong., 1st Sec. 380 (1977), U.S.Code Cong. & Admin.News 1977, p. 5963, stating that Section 706(a) "gives to the debtor one absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." *See also Matter of Martin*, 880 F.2d 857 (5th Cir. 1989)(court does not have discretion to block conversion in a case not previously converted and debtor is eligible for chapter chosen); *In re Street*, 55 B.R. 763 (9th Cir. BAP 1985); *In re Widdicombe*, 269 B.R. 803 (Bankr.W.D.Ark.2001); *In re Little*, 245 B.R. 351 (Bankr.E.D.Mo.2000).

On the other hand, there is also authority to support the proposition that the right of the debtor to convert is not absolute and may be denied especially concerning special circumstances and facts to a particular case. *See In re Porter*, 276 B.R. 32 (Bankr.D.Mass.2002)(bankruptcy court denied debtor's motion to convert since debtor did not disclose pre-petition transfers and showed little prospect of being able to propose a confirmable plan); *Martin v. Cox*, 213 B.R. 571 (E.D.Ark.1996); *In re Spencer*, 137 B.R. 506 (Bankr.N.D.Okla. 1992).

■ To determine whether or not it is appropriate to deny the Debtor's Motion to Convert, this Court should consider the following: (1) the basic policy aim of a Chapter 13 case; (2) the debtor's motivation to seek conversion; and (3) the reason why the debtor did not initially seek relief under Chapter 13. If the goal sought to be achieved is consistent with overall policy of the Code, that is a voluntary and honest effort to repay creditors based on future earnings in exchange for an award of a liberal discharge by the Code, then conversion is warranted.

In the present instance, the Debtor has no income but social security benefits in the amount of $1,644. His income and expense statement (Schedule I) also includes; however, social security income of his "life partner," of $1,005.00, who has no legal obligation to contribute his earnings to the Debtor's case. The Debtor's Chapter 13 Plan is to pay $.20 on the $1.00 over a period of three years. In addition, while this may be the best efforts of the Debtor, what is lurking behind the entire Motion to Convert is to save the anticipated proceeds of a lawsuit filed by the Debtor against Quincy Mutual.

In analyzing the basic policy aim of a Chapter 13 case, this leads to the next question of what can be accomplished in this Chapter 13 case if it is converted. As noted earlier, the Trustee compromised the claim against Quincy Mutual, which has already been approved by this Court and is thus the binding and controlling law of this case. Moreover, the Trustee has already successfully reduced the unsecured claims filed in this case. That there is any hope by the Debtor that upon conversion, notwithstanding the approved settlement, the Debtor's attorney would be permitted to proceed against Quincy Mutual and reap a substantial larger recovery than the amount compromised by the Trustee, is nonexistent. This goal cannot be accomplished. The Debtor is barred to further assert any claim against Quincy Mutual.

The second prong of a recognized goal of a Chapter 13 case is for a debtor to receive a fresh start in exchange for his willingness to repay creditors. This goal is likewise not being sought by this particular Debtor. In this case, the record of the Debtor's present Chapter 7 case indicates that the Debtor does not need any further relief simply because he has already received a general discharge of all of his debts.

The next inquiry for this Court to examine in determining whether or not to grant a debtor's motion to convert, is an inquiry about a debtor's motivation to seek conversion, especially the reason why he did not originally seek relief under a Chapter 13. In this particular case, the answer to this question is easy. The Debtor sought conversion ten days after this Court entered an Order approving the compromise of the Quincy Mutual litigation. Conversion was sought only after the state court attorney representing the Debtor lost control of the Quincy Mutual litigation, in which he no doubt would have been the greatest beneficiary if further litigation produced a sum greater than he would have received in a Chapter 7 context. Owens & Wolf has already filed a secured claim in the amount of $103,384.91. This claim has been challenged by the Trustee on two grounds: (1) claimed lack of perfection of an attorney's charging lien under New Jersey law and (2) excessive billing because the retainer calls for a 33% recovery. The Debtor's motivation for seeking conversion are obviously related solely to the claim of Owens & Wolf and the Quincy Mutual litigation.

As the record stands, the unsecured claims as filed total $48,603.44. The secured claim of Commerce Bank was compromised at $34,000 and the claim of Owens & Wolf is $103,384.91, although as noted earlier, it has been challenged by the Trustee. The Trustee has settled the Quincy Mutual litigation for the sum of $104,342.12. The record reflects that there are other assets to administer and that the Trustee will have funds in addition to the Quincy Mutual litigation. If the Trustee is successful in her objection to the claim of Owens & Wolf, more money will be paid to the unsecured creditors. However, in the context of a Chapter 13

case, the unsecured creditors are only receiving a 20% distribution, with the bulk of the money going to the secured creditors, Owens & Wolf and Commerce Bank.

Under the following scenario as outlined above, the benefits of conversion would not be to the unsecured creditors but to the law firm of Owens & Wolf, and perhaps to the Debtor. This is clearly not what a Chapter 13 case was designed for. The Code was never designed to create either a surplus or a financial benefit to a debtor.

In light of the foregoing, this Court is satisfied that the Objection by the Trustee should be sustained and this Chapter 7 case shall remain a Chapter 7 case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Convert to Chapter 13 (Doc. No. 53) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Objection to Motion to Convert to Chapter 13 (Doc. No. 54) be, and the same is hereby, sustained. This case shall remain a Chapter 7 case.